[Civ. No. 7753. Third Dist. Mar. 8, 1950.]

MIKE STRAUSBURG et al., Respondents, v. HELEN C. CONNOR, Appellant.

J. M. Inman for Appellant.

Frank G. Finnegan for Respondents.

THE COURT.—By this action the respondents herein, Mike Strausburg, his wife, Dorothy, and Jean DeBreau, sought cancellation of a deed dated March 23, 1939, whereby they had conveyed to appellant, Helen C. Connor, all their interests in the real property described in the complaint. By its judgment the trial court decreed that Miss DeBreau was the owner of an undivided one-fourth interest in the property, that Miss Connor owned the remaining interest, that the deed should not be canceled, that Mike Strausburg recover of appellant the sum of $20 and that he and his wife had no interest in the land.

By the amended complaint Alice Kratka was made a defendant. It was alleged Connor had assigned an interest to her. The trial court decreed she had no present interest and she has not appealed. No further reference need be made to her.

Connor has appealed from all parts of the judgment except the parts thereof which ordered that the deed be not canceled and that the Strausburgs had no share in the title.

The trial court found that on December 13, 1937, plaintiffs had owned the property in fee and that on that date DeBreau by deed conveyed to appellant a one-fourth interest which appellant still owns; that on March 23, 1939, the plaintiffs herein conveyed the remaining interest to appellant, but that as to DeBreau's remaining one-fourth interest so conveyed appellant had obtained the same by fraud through false representations that this interest would be reconveyed to DeBreau. The court found that no fraud had been practiced by appellant toward the Strausburgs, but that appellant did agree to pay them $150 for their one-half interest, and owed them a balance of $20, having paid only $130 of the agreed price.

The Civil Code, by section 2224, declares that "One who gains a thing by fraud, . . . , or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Trusts arising from transactions within the scope of the code provisions fall within the class of trusts created by operation of law and are commonly called constructive trusts. Concerning such trusts it was said in *Rankin* v. *Satir*, 75 Cal.App.2d 691, 695 [171 P.2d 78] :

". . . Constructive trusts of this form are not based pri-

marily on the intention of the parties but are forced on the conscience of the trustee by equitable construction and the operation of law. (*Millard* v. *Hathaway,* 27 Cal. 119.) In such trusts, based upon fraud or wrongdoing, an oral promise is sufficient and the existence or absence of a confidential relationship between the parties, in the strict sense, is not controlling. (*Brison* v. *Brison,* 75 Cal. 525 [17 P. 689, 7 Am. St.Rep. 189].) 'Such trusts are creatures of equity, and take form whenever title is obtained by means of chicanery, deceit or other variety of fraud actual or constructive.' (*Sanguinetti* v. *Rossen,* 12 Cal.App. 623 [107 P. 560].) In order to create a constructive or involuntary trust, as defined in section 2224 of the Civil Code, no conditions other than those stated in that section are necessary. (*Lauricella* v. *Lauricella,* 161 Cal. 61 [118 P. 430].) By section 2223 of that code the rule of constructive trust is extended to the case where one person wrongfully detains a thing from another. The rule extends to almost any case where there is a wrongful acquisition or detention of property to which another is entitled, since it is based upon the equitable principle that no one may take advantage of his own wrong. (Civ. Code, sec. 3517.) As was said in *Brazil* v. *Silva,* 181 Cal. 490 [185 P. 174], 'The instances of its application are as various nearly as the ways in which property can be wrongfully acquired.' '' (See, also, *Steinberger* v. *Steinberger,* 60 Cal.App.2d 116 [140 P.2d 31].)

██ The following testimony appearing in the record, although contradicted by that of appellant, supports the court's decision. Respondent DeBreau testified as follows: Before March 23, 1939, the Strausburgs desired to sell their half interest and DeBreau wrote to appellant, so informing her, and asking if appellant would purchase. Appellant replied she wanted to acquire the Strausburgs' interest but lacked the money at that time. She requested that both the Strausburgs and DeBreau send her a deed conveying all the title appellant did not then own to the end that she might thus, clothed with the whole title, borrow sufficient funds from a friend to complete the purchase. Responsive to this request, the deed was sent. DeBreau received nothing for the conveyance of her one-fourth interest, but appellant on receiving the deed sent $130 to Mike Strausburg by check which he received and cashed. DeBreau continued to reside on the property up to the time this action was begun and she and appellant joined in making improvements thereon. Beginning in 1939, DeBreau made demands both orally and in writing

that appellant reconvey and appellant always replied she would do so, but, as DeBreau put it, appellant "was always going to do so but never did." Finally appellant demanded exclusive possession, whereupon and within one year thereafter this action was begun.

There was other testimony that appellant often declared in the presence of others that DeBreau had an interest in the property and on other occasions was silent when others made similar statements in her presence. The two women had known each other a long time after the first deed from DeBreau to appellant, and made common use of the land and the improvements thereon. DeBreau testified she joined in the last deed and forwarded it to appellant, in whom she had confidence, "on trust." There is no testimony in the record that appellant did mortgage the property and the check was sent promptly on receipt of the deed.

In view of the authorities cited above, the foregoing testimony fully supports the court's holding that appellant acquired and retains the interest of DeBreau by fraud and became a trustee thereof for her benefit.

■ Appellant pleads the statute of limitations as embodied in various sections of the Code of Civil Procedure, but the record signally fails to substantiate her contentions. Where property is obtained under the circumstances and by the means shown here the obligation to make restitution is a continuing one and the statute does not begin to run until the trustee repudiates the trust. (*Svistunoff* v. *Svistunoff*, 94 Cal.App.2d 651 [211 P.2d 352] ; *Steinberger* v. *Steinberger, supra.*) There was evidence, as above set forth, that appellant recognized her obligation continuously until she demanded exclusive possession of the property, which event occurred within one year before plaintiffs brought their suit. The action was thus commenced well within any applicable limitation.

■ Little need be said about the appeal from that part of the judgment wherein it is decreed that respondent Mike Strausburg recover of appellant the sum of $20. This was, upon sufficient evidence, held by the court to have been the unpaid part of the purchase price which appellant had agreed to pay for the Strausburg interest. Appellant by appropriate affirmative allegations had sought a decree quieting her title against the Strausburgs, basing her claim entirely on their deed to her. Therefore the trial court was justified, while

granting her the equitable relief she asked, in ordering her to do equity by paying her debt.

The judgment is affirmed.