[Civ. No. 8152.   Third Dist.   Nov. 19, 1952.]

H. C. QUISTGARD, Appellant, v. S. R. DERBY et al., Respondents.

George E. Dilley and John R. Jacobson for Appellant.

R. M. Quackenbush and Paul Golis for Respondents.

PEEK, J.—This is an appeal by plaintiff from a judgment in favor of defendants in an action instituted by plaintiff to recover a real estate broker's commission alleged to be due him from defendants by reason of their failure to perform a written agreement between the parties.

Although three contentions are made they are not separately stated but are treated as one: that the evidence is insufficient to support the findings. From our examination of the record, viewing it as we must in the light most favorable to respondents, we find nothing to warrant our interference with the judgment as entered by the trial court.

The allegations of the complaint are that plaintiff entered into a written agreement with defendants; that by the terms thereof defendants agreed to pay him a commission for effecting a sale or exchange of certain property owned by defendants in Sonoma County; that pursuant to said agreement he procured a purchaser of defendants' property; that thereafter an exchange agreement was entered into between defendants and Dave Moskowite and his wife, Laura, the prospective purchasers; that the said Moskowites complied with all of the terms of said agreement and were ready and willing to complete the transaction but that defendants without cause refused to perform said agreement, thereby depriving him of the commission due from said defendants in the sum of $1,000 and the commission of $500 from said Moskowites.

By their answer defendants in effect admitted the material allegations of the complaint relative to the execution of the agreement but denied that there was any money owing to plaintiff for the reasons set forth in their affirmative defense, which were (1) that plaintiff misrepresented the value of the property to be exchanged for theirs, and (2) that it was understood by all parties that an exchange of defendants' property could not be effected unless first approved by defendant S. R. Derby's father, H. S. Gutermute, beneficiary of the second deed of trust on the Derby property; that plaintiff represented to defendants that Gutermute had stated that the exchange was a profitable transaction for defendants; that Gutermute and his wife had agreed in writing to the transfer of his deed of trust; that said statements were false and untrue and made for the purpose of inducing respondents to sign said exchange agreement; that defendants would not otherwise have signed and in fact did sign the same only because of said fraudulent representations of plaintiff; that upon discovering the fraud they gave notice to plaintiff and to the owners of the other property that the exchange could not be effected because of the refusal by Gutermute to transfer his deed of trust.

As noted by the trial judge in his order for findings, the testimony of the parties was in direct conflict. Bearing in

mind, however, the oft repeated rule that the testimony must be viewed in the light most favorable to respondent our examination of the record leaves no doubt but that the evidence was more than sufficient to support the essential findings of the trial court—that the alleged misrepresentations were made by plaintiff to defendants; that the misrepresentations were made with actual knowledge of their falsity; that the misrepresentations were made to defendants to induce them to sign the agreement and that the parties were in a fiduciary relationship.

Under the circumstances it would appear unnecessary to summarize the evidence at length. Suffice it to say that the plantiff's testimony was to the effect that he knew nothing concerning the second trust deed held by Gutermute nor was the same discussed prior to the signing of the listing agreement and that at no time was there any understanding that the transaction was dependent upon the approval of Gutermute. However, on cross-examination he did state that at the time the property was listed Mrs. Derby informed him there was a small obligation with a member of the family but it was not to be considered and would be handled by them personally. He further testified that Gutermute had stated to him that "He thought it might be a good deal" and that he had told defendants that Gutermute had said he "thought it was a good deal." Mr. Gutermute testified that he "didn't think much of the deal"; that he had "decided absolutely I wanted nothing more to do with it" and that he "never signed anything." Defendant Bertha M. Derby testified that before she and her husband first inspected the proposed exchange property she advised plaintiff that Gutermute had a second deed of trust and that the same would have to be satisfied before any deal could be made. She further testified that when she and her husband signed the exchange agreement the plaintiff came to their home and exhibited a paper upon which appeared two signatures, and referring to the Gutermutes said, "They have signed and it is up to you; you haven't enough in it and you might as well." Mr. Derby also corroborated his wife's testimony as to the statement attributed to the plaintiff. Plaintiff did not deny making such a statement. Derby further stated that the plaintiff had shown him a piece of scratch paper on which were various figures; that they were sitting at a table in the defendants' living room, and that plaintiff went into the figures in detail, explaining the transaction to them, and that when,

during the course of their conversation, he suggested that they should call his father "and find out if agreeable with him before we sign anything," the plaintiff replied, "Oh, no, don't bother and antagonize the old man."

On cross-examination plaintiff testified that he did not recall using a scratch paper in his discussion with the defendants but admitted that the figures thereon were made by him. His explanation of his acts in this regard was that such figures had to do only with the amount of revenue stamps which would be necessary in the event the property was exchanged as proposed.

■ As stated in *Darrow* v. *Robert A. Klein & Co., Inc.*, 111 Cal.App. 310, 316 [295 P. 566]:

"The duties and obligations of an agent are many. The relationship of an agent to his principal is of a fiduciary nature similar in many respects to the relationship between a trustee and his beneficiary. The relationship not only imposes upon the agent the duty of acting with the highest good faith, but likewise precludes him from obtaining an advantage over the principal in any transaction had by virtue of the agency."

■ Here it is not denied that plaintiff, as agent, stood in a fiduciary relationship with his principals, the defendants (see *Langford* v. *Thomas*, 200 Cal. 192 [252 P. 602]), and as such was under a duty to make a full disclosure to his principals "of all material facts concerning the transaction that might affect the principal's decision." (*Rattray* v. *Scudder*, 28 Cal.2d 214, 223 [169 P.2d 371, 164 A.L.R. 1356]; see, also, Civ. Code, § 2230.) ■ Hence it follows that his act, not alone of failing to make full disclosure to defendants of the comments of Gutermute but his complete distortion of such statements as well as his misrepresentation that Gutermute had given his consent to the transaction was such a fraud upon defendants as would preclude him of his right to any compensation. (*Chain* v. *Katze*, 62 Cal.App. 615, 617 [217 P. 578].)

Viewing the facts and circumstances presented by the record before us in the light of the rules above mentioned it is readily apparent that there was ample evidence to sustain the determination of the trial court.

The judgment is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied December 5, 1952.