[Civ. No. 15099.   First Dist., Div. Two.   Nov. 26, 1952.]

GEORGE HOLMES et al., Respondents, v. CYRIL SAUNDERS, Appellant.

Bruce McMullen for Appellant.

Schofield, Hanson & Jenkins and John W. Bussey for Respondents.

DOOLING, J.—This is an appeal on the judgment roll alone from a judgment for damages for the conversion of an automobile.  The second amended complaint contains the following allegations:

"That . . . defendants . . . offered to subscribers to the Associated Bulletin, during its circulation drive, for a con-

sideration of One ($1.00) Dollar paid for a six months subscription thereto, delivery of the Associated Bulletin for the period of six months and honorary membership in the Associated Clubs of California, Inc., said subscription being evidenced by a numbered ticket then delivered to the subscriber, and entitling the holder, and subscriber aforesaid, of the numbered ticket drawn at the Oakland Auditorium Arena on a certain date therein named . . . to One (1) Buick Sedan Automobile . . .''

This is followed by allegations that plaintiffs became subscribers by the purchase of a numbered ticket, that the number of their ticket was drawn and they were declared to be winners of the Buick automobile and thereupon became its owners. All of these allegations were found to be true by the trial court.

Section 319 of the Penal Code provides:

"A lottery is any scheme for the disposal or distribution of property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it. . . .''

The allegations above quoted from the second amended complaint which the court found to be true, might have been drawn with this definition in mind. The scheme as pleaded and found is one "for the disposal of property," a Buick automobile, "by chance," the drawing of a number, "among persons who have paid . . . valuable consideration," one dollar.

The consideration to make such a transaction a lottery need not be paid exclusively for the chance to win the prize. It is sufficient that the consideration, as here, be paid for something else and the chance to win the prize. (*People* v. *Gonzales,* 62 Cal.App.2d 274 [144 P.2d 605] ; *People* v. *Miller,* 271 N.Y. 44 [2 N.E.2d 38] ; and see the many cases collected in the notes in 48 A.L.R. 1115; 57 A.L.R. 424; 103 A.L.R. 866; 109 A.L.R. 709; 113 A.L.R. 1121.) It is said in 34 American Jurisprudence 650 "that no sooner is the term 'lottery' defined by a court, than ingenuity evolves some scheme within the mischief discussed, although not quite within the letter of the definition given; but an examination of the many cases on the subject will show that it is very difficult, if not impossible, for the most ingenious and subtle mind to devise any scheme or plan, short of a gratuitous distribution of property, which has not been held by the courts of this country to be in violation of the lottery laws . . . The

court will inquire, not into the name, but into the game, however skilfully disguised, in order to ascertain if it is prohibited. . . .''

Under the pleadings and findings there was no element of gratuity in this particular transaction so that cases such as *People* v. *Cardas,* 137 Cal.App. Supp. 788 [28 P.2d 99], where free chances were widely given away without consideration, are not in point.

Since plaintiffs' cause of action depends on their success in a lottery, which is a criminal offense, the doors of the courts are closed to them. (6 Cal.Jur., Contracts, § 106, pp. 150-152.)

Respondents' motion to dismiss the appeal for tardiness in filing the record on appeal was made long after the record was actually on file and is denied on that ground. (*Steiner* v. *Davis,* 21 Cal.App.2d 334 [69 P.2d 184].) The judgment is reversed.

Nourse, P. J., and Goodell, J., concurred.