[Civ. No. 23180.   Second Dist., Div. One.   Nov. 13, 1958.]

VIVYENNE ABRAMS, Respondent, v. BENJAMIN M. BENDAT, Appellant.

Arthur S. Wolpe and Samuel De Groot for Appellant.

Jefferson & Jefferson and Bernard S. Jefferson for Respondent.

LILLIE, J.—Plaintiff sued defendant to establish a trust in real property and for money had and received. Defendant counterclaimed seeking money judgments against plaintiff. The matter was heard by the court sitting without a jury. From the judgment rendered in plaintiff's favor for $3,550.01 and declaring her to be the owner of certain real property, defendant appeals.

Mindful of the rule that in reviewing the evidence, this court must resolve all factual conflicts in favor of respondent, and all reasonable inferences must be indulged to sustain the judgment (*Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App. 2d 777 [163 P.2d 756]) we briefly recount the evidence relating to three real property transactions.

In February, 1952, plaintiff owned a duplex, referred to herein as the Elevado, worth approximately $18,500, subject to two deeds of trust totaling $12,000; and a vacant lot, referred to as Wonderview, valued at about $9,000, subject to a $2,600 deed of trust. She orally agreed with defendant, a

real estate broker, to convey to him these two properties upon his oral promise to dispose of the Elevado for $5,000 net to plaintiff and pay to her any portion thereof she might need as a down payment on the purchase of other property, or as otherwise requested by plaintiff; and try to obtain $9,000 for Wonderview, pay off the $2,600 trust deed, and from the proceeds of the sale reimburse himself for paying off the trust deed, pay to himself a 5 per cent broker's commission and pay the remainder to plaintiff.

Pursuant thereto, plaintiff conveyed to defendant both properties. He paid $2,730 to the holder of the deed of trust on Wonderview and $1,000 to plaintiff as part payment of the $5,000 agreed upon for the Elevado.

On January 6, 1953, plaintiff bought a third property referred to herein as Broadleaf, for $12,600, making a $3,515.03 cash down payment which was advanced by defendant from the $5,000 due her on the Elevado. The balance was represented by a promissory note secured by a deed of trust in favor of Northwestern Mutual Life Insurance Company, payable in monthly installments. Plaintiff moved in and has since continuously occupied Broadleaf, making all monthly payments thereon with the exception of $2,011.54, of which $208.04 was paid by defendant in 1955, and $1,803.50 in 1957.

In October, 1952, without the knowledge of plaintiff, defendant sold Wonderview for $8,750, receiving $8,244.08 net. At no time between that date and December 14, 1956, when she filed her complaint herein, did defendant inform her of the sale of Wonderview, or that $8,750 had been received for it. It was not until June or July, 1956, plaintiff first discovered Wonderview had been sold. At no time prior to the filing of the complaint did defendant make any claim to Broadleaf or repudiate his oral agreement with plaintiff.

Defendant's account of what occurred, which is the only evidence appellant saw fit to recount, was in conflict with plaintiff's version. Defendant testified that in addition, plaintiff signed a written agreement authorizing defendant to reimburse himself from the proceeds of the Elevado and Wonderview, for amounts to be advanced by him to plaintiff, on her behalf, and to her father and mother; that he advanced such sums and they were in excess of the proceeds, leaving a balance of $4,699.12 due defendant. Plaintiff testified in effect that she did sign certain documents which defendant represented to her as only carrying out the oral agreement which

representations she relied upon and affixed her signature at his request without reading or knowing their contents.

Due to appellant's failure to comply with rule 15(a), Form of Briefs, Rules on Appeal, requiring that "(E)ach point in a brief shall appear separately under an appropriate heading" and should be "concise . . . generally descriptive of the subject matter covered," his precise points upon which he seeks a reversal are not too clear. However, as far as we can ascertain from "Argument I." appellant first attempts to attack that portion of the judgment awarding plaintiff $3,550.01, on the ground that the evidence is insufficient to sustain it. His position is not well taken. ■ In the first place, in support of his argument wherein he has set out only evidence favorable to defendant, he has failed to mention plaintiff's evidence and has neglected to point out wherein it is insufficient to support the judgment or error lies. Following the general rule on appeal, appellant has waived any alleged error based upon the insufficiency of the evidence to sustain this part of the judgment. In *Tesseyman* v. *Fisher*, 113 Cal.App.2d 404, at page 407 [248 P.2d 471], the court said: ". . . where an appellant claims that some particular issue of fact is not sustained by the evidence, he is required to set forth in his brief all the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived."

■ In addition, appellant has ignored the well-settled rule that it is not the function of the appellate court to weigh conflicting evidence, in advancing the argument that he should have had judgment against plaintiff. He contends herein that he made certain expenditures on behalf of plaintiff and at her request, under a purported written agreement totaling $19,905.75, leaving $6,155.75 due to defendant from plaintiff—all figures being based solely upon exhibits and testimony of defendant. ■ Obviously, the trial court, faced with a factual conflict, was unwilling to accept this evidence, rejected defendant's version and found in accord with plaintiff's testimony, which findings will not be disturbed by this court as long as there is sufficient evidence in the record to sustain them. (*Crisci* v. *Sorci*, 115 Cal.App.2d 76 [251 P.2d 383]; *Monastero* v. *Los Angeles Transit Co.*, 131 Cal.App.2d 156 [280 P.2d 187]; *Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777, 779 [163 P.2d 756].) Not only has appellant failed to point out any insufficiency but we deem the evidence ample on this point. ■ Finally, appellant's "Argument

I." amounts to no more than his complaint that the lower court should have believed defendant instead of plaintiff. It is too well settled for citation of authority that this is not a proper argument to be advanced in a reviewing court and that it is for the trier of the fact to pass upon the credibility of the witnesses and weigh the evidence. The lower court, as it had a right to do gave credence to plaintiff's account. There is ample evidence in the record that pursuant to the oral agreement, on the Elevado defendant paid to plaintiff $1,000 cash and $3,515.03 as a down payment on Broadleaf, leaving $484.97 to be accounted for by defendant out of the $5,000 due; and in connection with the Wonderview transaction, out of the sale price of $8,750, $8,244.48 of which was net and from which he was entitled to deduct $2,730 he had paid on the deed of trust and $437.50 broker's commission, defendant held a balance due plaintiff of $5,076.58, making a total of $5,561.55 on the two transactions for which defendant was required to account. Against this figure, defendant was entitled to a set off for payments of $208.04 and $1,803.50 made on Broadleaf, leaving a $3,550.01 balance due plaintiff, the amount of the money judgment rendered by the lower court.

Appellant's argument following his second contention entitled "The defendant denies that the plaintiff is entitled to the ownership of the Broadleaf property" again amounts to no more than a claim that the trial court should have believed defendant's version of the transaction. As before, he recounts only defendant's evidence, completely ignoring the obvious fact that the trial judge rejected defendant's testimony which is borne out by his statement at the close of the trial after hearing all of the evidence, "It is sufficient for the Court to say the credibility of the defendant is very seriously impaired." If appellant is here urging that the judgment declaring plaintiff to be the owner of Broadleaf is against the weight of the evidence, having advanced no evidence favoring the judgment, of which there is ample in the record, his contention is subject to the same criticism as his first contention and it would serve no useful purpose to repeat the evidence supporting the portion of the judgment under attack. However, of serious import is plaintiff's Exhibits 1 and 2, a telegram and a note from defendant to plaintiff, wherein defendant admitted he was not the owner of Broadleaf. In addition the record discloses that all transactions relating to the sale of Broadleaf were with plaintiff, not defendant, and that defendant neither saw the property until after its purchase, nor

negotiated for it. Competent evidence also established that Broadleaf had a rental value of $100 per month and that plaintiff had made all monthly payments thereon amounting to from $62 to $70 each month. Any argument that defendant actually owned the property and permitted plaintiff to remain thereon and make the payments in lieu of rent is in appellant's own words: "unusual and perhaps irregular," and without merit, particularly in view of evidence in the record relating to his various other activities in connection with the three properties in question.

Appellant's third argument that "The Findings of Fact and Conclusions of Law are not in accord with the evidence and exhibits introduced into evidence," refers briefly to 11 alleged inconsistencies, in the following manner: "(a) Finding III that plaintiff and defendant entered into an oral agreement, is inconsistent with Defendant's Exhibit 'I' "; and so on. Appellant's attack is based solely upon the assertion that various findings are inconsistent with his evidence and his exhibits. Obviously, where there is a conflict in the evidence there is always an inconsistency between the findings and the evidence of the unsuccessful party. Appellant again has failed to point out wherein plaintiff's evidence is insufficient to support the findings and judgment. It is fundamental that any such contention requires appellant to demonstrate wherein there is no substantial evidence to sustain the challenged findings. "Although appellants assert insufficiency of the evidence in this and several other respects, they have not 'demonstrated' that there is no substantial evidence to support the challenged findings as they are required to do in order to sustain that claim of error. (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550]; *New* v. *New*, 148 Cal.App. 2d 372, 383 [306 P.2d 987].) Appellants' mere summary of the evidence given by various witnesses, without argument as to the effect or specific application of the same, does not suffice for this purpose." (*Refinance Corp.* v. *Northern Lbr. Sales, Inc.*, 163 Cal.App.2d 73, at p. 77 [329 P.2d 109].) Appellant's sole assertion that certain findings are inconsistent with *defendant's* exhibits is not the "demonstration" contemplated under the rule.

However, we comment briefly on alleged "inconsistency" (e) to the effect that Finding IX has no basis in law; and (f) that Finding X is inconsistent with the statute of limitations. Finding IX declared that a confidential relationship existed between plaintiff and defendant. Without regard to

plaintiff's evidence, appellant's own testimony supports this finding. He testified he was a real estate broker and requested (and was allowed by the judgment) a commission on the sale of Wonderview and took the Elevado as a broker.

■ The relationship between broker and principal is fiduciary in nature and imposes on the broker the duty of acting in the highest good faith toward the principal. (*Wells Fargo Bank* v. *Dowd,* 139 Cal.App.2d 561 [294 P.2d 159] ; *Quistgard* v. *Derby,* 114 Cal.App.2d 271 [250 P.2d 2].) Finding X declared that none of plaintiff's causes of action was barred by the statute of limitations. Appellant argues that section 338, Code of Civil Procedure, was operative because plaintiff's cause of action filed December 14, 1956, began in January, 1953, when Broadleaf was purchased. The evidence before us established a purchase money resulting trust with respect to Broadleaf, and a constructive trust for the balance of the proceeds from Elevado and Wonderview. ■ In such trusts the statute does not begin to run until the trustee repudiates the trust. As to Broadleaf, defendant did not repudiate before plaintiff filed her suit. Plaintiff's Exhibits 1 and 2 clearly established that as of March 18, 1955, defendant did not claim any ownership in Broadleaf. It was not until June, 1956, plaintiff first discovered defendant had sold Wonderview for $8,750 and she received no communication from him regarding this fact. The weight of the evidence supports a factual finding that there was no repudiation of the trust by defendant prior to December 14, 1956. It is clear that section 338 is inapplicable and that the statute does not begin to run until the trustee repudiates the trust or begins to act in hostility to the continuing obligation imposed by the agreement. (*Strausburg* v. *Connor,* 96 Cal.App.2d 398, 401 [215 P.2d 509] ; *O'Brien* v. *O'Brien,* 50 Cal.App.2d 658, 660 [123 P.2d 877] ; *Cooney* v. *Glynn,* 157 Cal. 583, 589 [108 P. 506].)

■ Under appellant's heading ''Errors of Law'' reference is made by number to various pages of the Reporter's Transcript, which appellant claims, without any argument or explanation, reflect ''errors in the law of evidence.'' He fails to inform us even of the subject matter involved. Nine references are set out as follows: ''1. Page 99, lines 14 to 25; 2. Page 100, line 8, to page 101, line 19''; and so on. This constitutes the entire so-called argument of appellant on his ''Errors of Law'' point. He has failed to advise us concerning the evidence involved or direct our attention to the specific ruling he seeks to attack; he has neglected to inform

us whether proper objections were made before the trial court or the grounds of his claim of error; and he ignores any argument or citation of authorities in support thereof. We can only conclude that the points appellant seeks to make are without foundation and have been waived or abandoned. In *Estate of Volen,* 121 Cal.App.2d 161, in which similar assertions were made, the court stated at page 166 [262 P.2d 658]: "They do not, however, in a single instance point out wherein there was error or cite any authority to show they were prejudiced thereby. Appellants have not, therefore, presented their alleged errors in the exclusions of evidence in such a manner as to be properly reviewed by this court."

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.