490 P.2d 672

Ira MILLER, Administrator with the Will Annexed of the Estate of F. A. Miller, Deceased, Plaintiff-Appellant,

v.

Elger E. MILLER, Defendant-Appellee.

No. 9194.

Supreme Court of New Mexico.

Nov. 8, 1971.

Grantham, Spann, Sanchez & Rager, Sutin, Thayer & Browne, Albuquerque, for plaintiff-appellant.

Garland, Martin & Martin, Las Cruces, Standley, Witt & Quinn, Santa Fe, for defendant-appellee.

## OPINION

McMANUS, Justice.

This suit was brought in the District Court of Lincoln County, New Mexico, by the executor of the estate of Fountain Alexander Miller, a/k/a F. A. Miller, a/k/a Fount A. Miller, deceased, against Elger E. Miller, a/k/a E. E. Miller; son and heir at law of the decedent, and the son's daughter Joetyne Miller Wright. The complaint asserted four claims for relief. The first was against Elger E. Miller only and sought to establish a trust in an 80-acre tract of land allegedly purchased with decedent's funds or, in the alternative, for damages. The second claim sought judgment against Elger E. Miller for funds of the decedent allegedly used in the construction of a residence property and to establish a lien for the judgment against real estate in which the defendant, Joetyne Miller Wright, had an interest. The third claim was against Elger E. Miller only and sought a decree declaring a bill of sale to certain cattle to be invalid. The fourth claim sought a general accounting against Elger E. Miller for funds of the decedent which had been received and used by this defendant. The defendant answered in effect denying the allegations of the complaint and, in addition, counterclaimed for wages and income due defendant and, generally, that the lands, wages and income of defendant was as a result of his ownership of the land involved. Defendant further alleged that the statute of limitations had run on plain-

tiff's claims. We note that Joetyne Miller Wright was dismissed as a party during the trial.

The trial court in its findings of fact and conclusions of law held that E. E. Miller owned the 80-acre tract; that the funds used in the construction of residence property belonged to E. E. Miller; that the bill of sale to certain cattle was valid; that E. E. Miller had fully accounted for all funds of decedent, and that the statute of limitations had run on plaintiff's claim. A final judgment dismissing plaintiff's complaint with prejudice was then filed. Plaintiff appeals.

Fountain A. Miller was a rancher-businessman in Lincoln County and passed away April 11, 1965, leaving several heirs who will be referred to herein.

There were several other litigated actions affecting these parties and the property herein. The first major cause of action involved a will contest over the distribution of the estate of Fountain A. Miller. The Supreme Court of New Mexico, on an appeal from a judgment entered in consolidated causes Nos. 37 and 39, Probate, District Court of Lincoln County, decided that a will of Fountain A. Miller, drawn in 1952, was invalid because of undue influence. Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968). The second cause arose in the United States District Court, District of New Mexico, No. 6298, later sustained on appeal in Miller v. Miller, 406 F.2d 590 (10th Cir. 1969), and involved a deed dated March 2, 1961, executed by F. A. Miller to Elger E. Miller, the defendant in this cause. This particular deed covered all of F. A. Miller's real estate in Lincoln County. The lower court set aside the deed on the basis that the deed was induced through undue influence and was a testamentary instrument. While both of the above cases were pending, this cause was instituted in the District Court of Lincoln County with Ulrich F. Miller, executor of the estate of Fountain A. Miller, as the moving party. Shortly thereafter, Ulrich F. Miller passed away and Ira

D. Miller was substituted as administrator with the will annexed of that estate and as a party plaintiff in this particular cause. In the instant cause, one of the bones of contention is another deed alleged to have been executed on July 1, 1955, from F. A. Miller to the defendant, Elger E. Miller, and his daughter. Elger E. Miller is claiming under this particular deed in this lawsuit and, of course, answers by way of defense to the plaintiff's complaint herein that inasmuch as he was deeded this property, he owned it, and would not have to make an accounting of the funds. Also at issue is a bill of sale dated October 10, 1955 from F. A. Miller to Elger E. Miller, covering F. A. Miller's cattle and cattle brand. Both the deed in 1955 and the bill of sale in 1955 were mailed to F. A. Miller's then attorney, J. Benson Newell, Las Cruces, New Mexico.

On February 11, 1957 E. E. Miller wrote a letter, in his own handwriting, to attorney Newell. This letter, referring to the 1955 deed and bill of sale, read as follows:

> "Hollywood, N. M.
> Feb—11—57
>
> "Mr. Benson Newell
> Las Cruces, N. Mex.
>
> Dear Benson, Enclosed Deed & Bill [of] Sale. Dad wants you to keep this for him until he dies or wants it back.
> Will see you Feb 25 for the trial of Tularosa property if they don't change it again.
>
> Yours truly,
> E. E. Miller
> Bro."

The defendant testified that he sent a subsequent bill of sale and deed to Mr. Newell by a March 2, 1962 letter. This letter was admitted as an exhibit and read as follows:

> "Hollywood, N. M.
> Mar. 2, 1962
>
> "Mr. J. Benson Newell
> Las Cruces, N. Mex.
>
> Dear Mr. Newell, Enclosed Bill of Sale and Deed of mine which I want you to

keep and give to Dad if something happened to me first.

Also is another Deed made to me personally leaving out all others which he wants. Keep this and return the other Deed you have of his.

Please send it Registered Mail, Deliver to Addressee Only to Fount A. Miller, Hollywood, N. Mex.

With Kindest personal regards.

Bro.

E. E. Miller

P.S.

The dollar is for Postage on return letter."

The bill of sale enclosed with this letter was executed by the defendant to F. A. Miller and covered the defendant's cattle. The deeds referred to in the letter were the March 2, 1961 deed executed by F. A. Miller to the defendant and a deed dated March 2, 1961 executed by E. E. Miller to his father and covered an 80-acre tract of land. The July 1, 1955 deed referred to above was then returned by its holder, Mr. Newell, and was offered into evidence in the instant cause.

In Galvan v. Miller, supra, the Supreme Court held that F. A. Miller was subjected to undue influence in 1952 and, consequently, upheld the judgment of the district court which set aside a judgment of the probate court admitting a 1952 will to probate. The Supreme Court further held that evidence that a major beneficiary under the will was the dominant party in confidential and fiduciary relationship with the testator was sufficient to raise a presumption of undue influence. In cause No. 6298 in the United States District Court, referred to above, the action was against Ira B. Miller, individually and as administrator with the will annexed of the estate of F. A. Miller, deceased.

During the pendency of this cause, E. E. Miller and daughter filed a suit in Lincoln County claiming title to the property in question under the July 1, 1955 deed. Defendant was Ira B. Miller, individually and as administrator. Said cause was removed to the United States District Court and became cause No. 8433, Civil, in that court. Also pending there at the same time was cause No. 8121, Civil, an action brought by Ira B. Miller, individually and as administrator with the will annexed of the estate of F. A. Miller, against E. E. Miller and his daughter, seeking to set aside the July 1, 1955 deed on the ground that it was a testamentary disposition and had not been unconditionally delivered, as well as other grounds. Causes 8121 and 8433, supra, in the United States District Court were consolidated and tried.

The plaintiff took the position at the trial of the instant cause, and on appeal, that the court erred in refusing to accept the prior decisions of the state district court and the United States District Court as decisive on any issue in this cause. Both of these causes have been affirmed on appeal in Miller v. Miller, supra, and in Galvan v. Miller, supra. In Miller v. Miller, the court affirmed the trial court's decision that the 1961 deed was not unconditionally delivered and that it was an attempted testamentary disposition. The appellate court decision in Galvan v. Miller, supra, has been referred to previously. The issues resolved in these cases are res judicata. The estate of F. A. Miller and the defendant herein were also parties in the two causes.

Meeker v. Walker, 80 N.M. 280, 286, 454 P.2d 762, 768 (1969), quoting from Henderson v. U. S. Radiator Corporation, 78 F.2d 674 (10th Cir. 1935), set forth what we feel is the correct statement of the law, as follows:

"'Any right, fact or matter in issue and directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated by the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.'"

In the trial court's findings which were reviewed in Galvan v. Miller, supra, finding No. 7 reads as follows:

"By reason of the confidential and fiduciary relationship existing between Fount A. Miller, deceased, and his son Elger E. Miller, the said Fount A. Miller was, on April 1, 1952 and at all times subsequent thereto, subject to the will, direction and suggestion of Elger E. Miller as to all business matters and all of the actions of the said Fount A. Miller, deceased, in business matters were suggested by and directed by his said son, Elger E. Miller."

■ This finding of the trial court was not disturbed in the opinion of Galvan v. Miller, supra. Therefore it is applicable to the deed of July 1, 1955, in that Fount A. Miller was subject to the will, direction and suggestion of Elger E. Miller. Merely by way of comment, we observe that in consolidated causes 8121 and 8433, to which reference is above made, the United States District Court held that the 1955 deed was void for the same reasons given for the invalidity of the 1961 deed.

■ We hold that parties to a suit and their privies are bound by final decisions, not only as to all matters which were offered or received to sustain or defeat a claim but also as to any admissible matter which might have been offered for that purpose. See Ealy v. McGahen, 37 N.M. 246, 21 P.2d 84 (1933). This rule was stated in the Ealy case, at 251, 21 P.2d at 87, as follows:

"Final judgments are conclusive as to the claim or demand in controversy as to the parties in the suit and those in privity with them, not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Public policy requires that there be an end to litigation and that rights once established by a final judgment shall not again be litigated in any subsequent proceeding.

"We have held, and rightly: 'It (the judgment) is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *'"

Inasmuch as we have declared the July 1, 1955 deed an invalid instrument, the plaintiff's second point concerning such deed is hereby resolved. The validity of the deed and, consequently, the holder of title, could not properly have been determined in this suit. In addition, it is interesting to note that the 1955 deed was admitted into evidence for a limited purpose, to show why the defendant "kept the income from the property," and not to establish title to the property.

■ Plaintiff's point three concerns the claim that the court erred in dismissing the first, second, and fourth claims of plaintiff's complaint in the trial court. The first claim of plaintiff there dealt with a request for a constructive trust to be established in regard to the purchase of an 80-acre tract of land in 1958. The moneys for this purpose came out of a joint account of F. A. Miller and E. E. Miller, and title placed in E. E. Miller. The trial court, in the instant case, did find that F. A. Miller consented to the expenditure of these funds and that E. E. Miller exerted no influence over his father. The findings are improper and ineffective in the light of the decision in Galvan v. Miller, supra. The second claim concerned funds used by E. E. Miller to construct a residence. Consequently, there must be an accounting of any funds of F. A. Miller used in the construction of the E. E. Miller residence.

■ Another contention by defendant concerned a bill of sale to E. E. Miller from F. A. Miller on October 10, 1955, covering F. A. Miller's cattle and cattle brand. This bill of sale falls into the same category as the July 1, 1955 deed and must be declared

void and invalid because of the lack of unconditional delivery and the further fact that it was a testamentary instrument. In addition, this bill of sale resulted from, or was executed by reason of, undue influence asserted by defendant over his father as found in Galvan v. Miller, supra, and by reason of the fact that the bill of sale was delivered under circumstances exactly like those under which the 1961 deed was delivered and which were held not to constitute an unconditional delivery in Miller v. Miller, supra.

■■ The court found that the statute of limitations applied to all four counts of plaintiff's complaint. The first count dealt with a claim to establish a trust in an 80-acre tract allegedly purchased with decedent's funds. The second count sought judgment for funds of the decedent allegedly used in the construction of a residence property. The record does not disclose any knowledge attributable to F. A. Miller of either of these transactions. Limitations do not run between a trustee and his beneficiary until there has been a repudiation of the constructive trust. See Strausburg v. Connor, 96 Cal.App.2d 398, 215 P.2d 509 (1950); Abrams v. Bendat, 165 Cal. App.2d 89, 331 P.2d 657 (1958); Bogert, Trusts and Trustees, § 953 (2d Ed.1962). It is a matter of res judicata that the fiduciary relationship between the defendant and F. A. Miller continued until F. A. Miller's death. Plaintiff's complaint was filed within four years from this date. The applicable statutes are: § 23–1–4, N.M.S.A. (1953 Comp.) which reads:

"[The following actions may be brought within the time hereinafter limited.] Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four [4] years."

and § 23–1–7, N.M.S.A. (1953 Comp.), reading:

"In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved."

Concerning count three the bill of sale was not placed of record until April 14, 1965 and the action was filed within four years from that date. All of the items claimed under count four represent funds received by the defendant during 1965, 1966, 1967 and 1968. These items, then, would not be barred under the above statute of limitations.

It is further disclosed that in F. A. Miller's lifetime, he and his son Elger operated a cattle ranching business jointly in Lincoln County. During the period, Elger E. Miller operated F. A. Miller's business and affairs under a general power of attorney and all agree that a close and confidential relationship existed between the parties. Between July 1, 1955 and F. A. Miller's death, the defendant executed various real estate leases under a power of attorney. The parties also maintained joint bank accounts in banks and deposited all receipts and incomes in these joint accounts, including lease rentals, cattle sales, receipts of sales of gravel, and payments for rights of way.

It has been shown by the evidence in this cause that E. E. Miller violated his fiduciary obligations and without the knowledge of F. A. Miller used funds for his own uses and purposes. Further, that the executor and now the administrator with the will annexed, was not aware of the purposes for which said moneys were used. All of these transactions must be accounted for, including funds of F. A. Miller used to purchase an 80-acre tract, now in the name of E. E. Miller, and funds of F. A. Miller used to construct E. E. Miller's residence.

The estate of F. A. Miller is entitled to a full accounting of all matters raised in this cause. Consequently, the judgment of the trial court is reversed and remanded for an accounting and compliance with this decision.

It is so ordered.

OMAN and MONTOYA, JJ., concur.