TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 93-709 |
| of | : | |
| | : | November 16, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE TERESA P. HUGHES, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

May a vendor at a sports card show offer a "grab bag" of cards for sale if the purchasers are told that the total value of the cards is at least equal to the purchase price and that the bag may contain a prize of substantial value?

CONCLUSION

A vendor at a sports card show may not offer a "grab bag" of cards if the purchasers are told that the total value of the cards is at least equal to the purchase price and that the bag may contain a prize of substantial value.

ANALYSIS

In 71 Ops.Cal.Atty.Gen. 139 (1988) we provided a comprehensive analysis of the gambling laws in California, including lotteries. This request for our opinion is essentially a follow-up request to our 1988 opinion.

The particular promotional scheme in question is one conducted at many sports cards shows throughout the state. As a typical example, a seller of baseball cards offers a "grab bag" of cards for $10. Buyers are not able to view the cards but are told that their total value is at least $10. They are also told that the bag may contain a certificate for a free television, a rare card worth $100, or four tickets to an upcoming sporting event. Is the promotion an illegal lottery? We conclude that it is.[1]

_____

[1]Our analysis will paraphrase at times from our 1988 opinion without citation or the use of quotation marks.

1.                                                                                      93-709

Penal Code section 319[2] states:

> "A lottery is any scheme for the disposal or distribution of property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it, or for any share or any interest in such property, upon any agreement, understanding, or expectation that it is to be distributed or disposed of by lot or chance, whether called a lottery, raffle, or gift enterprise, or by whatever name the same may be known."

A lottery thus has three essential elements: (1) a prize, (2) distributed by chance, and (3) consideration. (*California Gasoline Retailers* v. *Regal Petroleum Corporation* (1958) 50 Cal.2d 844, 851.)

Section 319 refers to the first element, the prize, as "property" without any restrictive words, and it has been held that the term "property" is used in the statute in its most general sense. (*People* v. *Settles* (1938) 29 Cal.App.2d Supp. 781, 786.) The courts have recognized the following kinds of property as satisfying the prize element of a lottery: an automobile (*Holmes* v. *Saunders* (1952) 114 Cal.App.2d 389, 390), $500 in cash (*People* v. *Gonzales* (1944) 114 Cal.App.2d 274, 275), $5 worth of merchandise (*People* v. *Bardaty* (1934) 139 Cal.App. Supp. 791, 793), a trip to Catalina Island (*People* v. *Cardas* (1933) 137 Cal.App. Supp. 788, 789-790), and the right to play further games for free (*People* v. *Settles, supra*, 29 Cal.App.2d Supp. at 786).

The second element of a lottery requires that the prize be distributed by chance. Whether a prize is so distributed is determined from the perspective of the players. When the person conducting the promotion arbitrarily selects the winner, the chance element is present because "as to the purchaser it is uncertain, it is chance that luck and good fortune will give a large return for a small outlay." (*People* v. *Hecht* (1931) 119 Cal.App. Supp. 778, 787.)

The third element of a lottery is consideration. The presence of this element is determined from the standpoint of the holders of the tickets who might win the prize, not from the standpoint of those who are conducting the event. (*Cal. Gas Retailers* v. *Regal Petroleum Corp., supra*, 50 Cal.2d at 860; *People* v. *Cardas, supra*, 137 Cal.App. Supp. at 791.)) This follows clearly from the statutory definition that it is the distribution of property by chance "among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it." (*Cal. Gas Retailers* v. *Regal Petroleum Corp., supra*, 50 Cal.2d at 860.)

The question to be answered with respect to the consideration element is: do those who stand a chance to win pay valuable consideration to participate in the promotional scheme? (*People* v. *Cardas, supra,* 137 Cal.App. Supp. at 790-791.) The consideration need not be paid exclusively for the chance to win the prize. It is sufficient that the consideration be paid for something else as well as the chance to win the prize. (*Cal. Gas Retailers* v. *Regal Petroleum Corp., supra*, 50 Cal.2d at 859; *People* v. *Gonzales* (1944) 62 Cal.App.2d 274, 279-280; *Holmes* v. *Saunders, supra*, 114 Cal.App.2d at 390-391.)

Having described what lotteries are, we turn to the statutes that make them illegal. Section 320 provides: "Every person who contrives, prepares, sets up, proposes, or draws any lottery, is guilty of a misdemeanor." Section 321 states:

---

[2]All section references are to the Penal Code.

"Every person who sells, gives, or in any manner whatever, furnishes or transfers to or for any other person any ticket, chance, share, or interest, or any paper, certificate, or instrument purporting or understood to be or to represent any ticket, chance, share, or interest in, or depending upon the event of any lottery, is guilty of a misdemeanor."

Section 322 provides:

"Every person who aids or assists, either by printing, writing, advertising, publishing, or otherwise in setting up, managing, or drawing any lottery, or in selling or disposing of any ticket, chance, or share therein, is guilty of a misdemeanor."

Section 326 states:

"Every person who lets, or permits to be used, any building or vessel, or any portion thereof, knowing that it is to be used for setting up, managing, or drawing any lottery, or for the purpose of selling or disposing of lottery tickets, is guilty of a misdemeanor."

Returning to the three elements of an illegal lottery, we find that with respect to the sports card grab bags at issue, there is clearly a prize at stake. That prize is a free television, a rare card worth $100, or four tickets to an upcoming sporting event. Since a prize is to be distributed among those customers at the sports card show who purchase the grab bags, it is irrelevant that they also will receive sports cards worth at least the amount of the purchase price. Anyone generally has the right to sell property at above, equal to, or below its actual value. The sports cards are not the prize; instead, the television or other valuable property is the potential prize.

The second element of a lottery, distribution by chance, is also present here. Only some purchasers will receive the television or other valuable property in addition to the sports cards. From the purchaser's point of view, this is pure chance. No one knows who will be the winner or winners.

The third element of a lottery, consideration, is also present in the circumstances presented. Here, the consideration is money, the purchase price of the grab bag. As noted in 71 Ops.Cal.Atty.Gen., *supra*, 149:

"The consideration to make a transaction a lottery need not be paid exclusively for the chance to win the prize. It is sufficient that the consideration be paid for something else and the chance to win the prize. [Citations.]."

The purchase price of the grab bag is paid for the sports cards and "something else" - -the chance to win a television or other prize.

In sum, only those who purchase a grab bag are eligible to participate in the chance to win the television or other prize. Accordingly, the three elements of a lottery are present in the promotional scheme in question. Based upon the provisions of sections 319-326, we conclude that a vendor at a sports card show may not offer a "grab bag" of cards if the purchasers are told that the total value of the cards is at least equal to the purchase price and that the bag may contain a prize of substantial value.

* * * * *