BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE VIRGINIA STROM-MARTIN, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a business owner conduct a promotion in which (1) each customer is given a card, (2) when a product is purchased at the regular price, the card is stamped, (3) once the card is stamped four times, the customer receives a free product of the type previously purchased and (4) the card is entered in a drawing for a free vacation?
 CONCLUSION
A business owner may not conduct a promotion in which (1) each customer is given a card, (2) when a product is purchased at the regular price, the card is stamped, (3) once the card is stamped four times, the customer receives a free product of the type previously purchased and (4) the card is entered in a drawing for a free vacation.
 ANALYSIS
The question presented for analysis concerns a proposed promotional scheme designed to encourage patronage at a retail store by providing an opportunity for customers to win a free vacation. Under the proposal, a customer would make four purchases of a product at the regular price and as a "gift" for making the purchases, the customer would be given the same product without charge and allowed one entry in a drawing for a free vacation. Would the proposed promotional scheme violate California's lottery laws? We conclude that it would.
Article IV, section 19, subdivision (a) of the Constitution states: "The Legislature has no power to authorize lotteries and shall prohibit the sale of lottery tickets in the State[1]." This constitutional provision is implemented by Penal Code section 319, which defines a lottery as follows:
 "A lottery is any scheme for the disposal or distribution of property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it, or for any share or any interest in such property, upon any agreement, understanding, or expectation that it is to be distributed or disposed of by lot or chance, whether called a lottery, raffle, or gift enterprise, or by whatever name the same may be known."
A lottery thus has three essential elements: (1) a prize, (2) distributed by chance and (3) the payment of valuable consideration. (Cal. GasRetailers v. Regal Petroleum Corp. (1958) 50 Cal.2d 844, 851; 82 Ops.Cal.Atty.Gen. 12, 13 (1999); 76 Ops.Cal.Atty.Gen. 266, 267 (1993); 68 Ops.Cal.Atty.Gen. 275, 276 (1985).)
Under the proposal, the item to be awarded the winner of the contest will be a free vacation (see People v. Cardas (1933) 137 Cal.App.Supp. 788, 789-790 [trip to Santa Catalina Island constitutes a prize]) and the prize will be distributed by chance (ibid. [drawing the winning ticket constitutes a distribution by chance]). Would the third element of a lottery, the payment of valuable consideration, also be present?
What constitutes valuable consideration is to be determined from the standpoint of the holders of the tickets who might win the prize, not from the standpoint of those who are conducting the event. (Cal. GasRetailers v. Regal Petroleum Corp., supra, 50 Cal.2d at p. 860; Peoplev. Cardas, supra, 137 Cal.App.Supp. at p. 791.) This follows from the statutory definition of a lottery that it is the distribution of property by chance "among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it." (Cal. Gas Retailers v. Regal Petroleum Corp., supra, 50 Cal.2d at p. 860, 76 Ops.Cal.Atty.Gen., supra, at p. 267.) Accordingly, the test is whether those who stand a chance to win have paid something of value to participate in the promotional scheme. (See People v. Cardas, supra, 137 Cal.App.Supp. at pp. 790-791; 76 Ops.Cal.Atty.Gen., supra, at p. 267.)
Here, it is argued that the payment of valuable consideration would be absent because each customer would pay no more than the regular price for each product received. The free product after the fourth purchase would, of course, not be distributed "by chance" since it would be given to all who make the four purchases. As for the free vacation, the customer would be entered in the drawing without any additional payment.
However, in establishing the elements of a lottery, the payment of valuable consideration need not be exclusively for the chance to win the prize. It is sufficient that the consideration is paid for something else, such as a product or service, as well as the chance to win the prize. (Cal. Gas Retailers v. Regal Petroleum Corp., supra, 50 Cal.2d at p. 859; People v. Gonzalez (1944) 62 Cal.App.2d 274, 279-280; Holmes v.Saunders (1952) 114 Cal.App.2d 389, 390-391; 76 Ops.Cal.Atty.Gen.,supra, at p. 267; 71 Ops.Cal.Atty.Gen. 139, 149 (1988).) May the prize be won without any payment made to the organizers of the contest? Here, the answer is no. Indeed, the more sets of four purchases made by a customer, the greater is the chance of winning the free vacation. The payments would be made not only for the products, but also for the chance to win the vacation.
In 76 Ops.Cal.Atty.Gen. 265, supra, we examined a similar proposal where a vendor at a sports card show offered a "grab bag" of cards for sale. Purchasers were told that the total value of the cards inside the bag were worth at least the purchase price and that in addition the bag might contain a certificate for a free television, a rare card worth $100, or four tickets to an upcoming sports event. Only those who purchased a grab bag were eligible to participate in the chance to win the television or other prizes. We found that all three elements of a lottery were clearly present. (Id. at pp. 268-269.)
In contrast, in People v. Cardas, supra, 137 Cal.App.Supp. 788, andCal. Gas Retailers v. Regal Petroleum Corp., supra, 50 Cal.2d 844, it was not necessary to purchase anything in order to win the contests. Rather, the promotions provided for "a general and indiscriminate system of distribution of the drawing tickets" and thus did not constitute illegal lotteries. (People v. Shira (1976) 62 Cal.App.3d 442, 459.)
In summary, "in order for a promotional giveaway scheme to be legalany and all persons must be given a ticket free of charge and without any of them paying for the opportunity of a chance to win the prize. Conversely, a promotional scheme is illegal where any and all personscannot participate in a chance for the prize and some of the participants who want a chance to win must pay for it." (People v. Shira, supra,
62 Cal.App.3d at p. 459.) Although numerous attempts have been made to disguise the element of valuable consideration (id. at pp. 458-461), "it is very difficult, if not impossible, for the most ingenious and subtle mind to devise any scheme or plan, short of a gratuitous distribution of property, which has not been held by the courts of this country to be in violation of the lottery laws" (Cal. Gas Retailers v. Regal PetroleumCorp., supra, 50 Cal.2d at p. 859).[2]
We conclude that a business may not conduct a promotion in which (1) each customer is given a card, (2) when a product is purchased at the regular price, the card is stamped, (3) once the card is stamped four times, the customer receives a free product of the type previously purchased and (4) the card is entered in a drawing for a free vacation.
[1] The Constitution authorizes the operation of the California State Lottery as an exception. (Cal. Const., art. IV, § 19, subd. (d).)
[2] We note that "[c]ontests with restricted eligibility requirements are legal, so long as the requirements are unrelated to the payment of consideration." (Haskell v. Time, Inc. (E.D.Cal. 1997) 965 F. Supp. 1398,1405-1406 [customer-only sweepstakes not illegal where there were no other eligibility requirements than to have been a past customer, there was no mailing of invitations to become a customer so that the recipients could enter the customer-only sweepstakes and there was no promise made at the time of purchase that there would be a customer-only sweepstakes].) The promotional scheme here would involve an invitation to become a customer, coupled with notification of a contest, and would make eligibility for the drawing dependent upon making four purchases of a product.