King v. Palm Beach Bank & Trust Co., a Corp., et al.—Syllabus.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.

———————

DAVID D. KING, *Appellant,* v. PALM BEACH BANK & TRUST COMPANY, A CORPORATION, E. M. BRELSFORD, MARY B. HOOD AND MARY C. BRELSFORD, *Appellees.*

### Division B.

### Opinion Filed July 28, 1926.

1. In the case of a naked power not coupled with an interest, every prerequisite to the exercise of that power should precede it.

2. Where the terms of a duly recorded trust deed require the trustee to sell lands when directed to do so in writing signed by the beneficiaries and duly acknowledged for record, a contract to sell the land made by the trustee at the special instance and request and under the express direction of the beneficiaries, will not be specifically enforced in equity, when the trustee was not so directed to sell by a writing signed by the beneficiaries and duly acknowledged for record, even though the beneficiaries created the trust.

An appeal from the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Affirmed.

*Catts* and *White, Joanna Vermilye* and *C. D. Blackwell,* for Appellant;

*E. J. L'Engle, J. W. Shands, Kersy & Fisher* and *Winters & Foskett,* for Appellees.

WHITFIELD, P. J.—It is alleged that E. M. Brelsford and Laura E. Brelsford, his wife, Mary B. Hood, widow, and Mary C. Brelsford, a widow, conveyed described lands to the Palm Beach Bank & Trust Company, a corporation, "in trust for the said E. M. Brelsford, Mary B. Hood and Mary C. Brelsford, their heirs and assigns forever with the following powers:

"1. To sell and convey said land or any portion thereof whenever directed to do so in writing signed by E. M. Brelsford, Mary B. Hood and Mary C. Brelsford or the survivors or survivor of them and duly acknowledged for record.

"2. To mortgage said land or any portion thereof whenever directed to do so in writing signed by E. M. Brelsford, Mary B. Hood and Mary C. Brelsford or the survivors or survivor of them and duly acknowledged for record.

"3. To pay all taxes, costs and expenses incident to this trust out of the proceeds arising from the sale of said land or any portion thereof and to pay the balance, if there be any, as follows:

"Thirty-three and one-third (33 1/3) per cent to the said E. M. Brelsford his heirs and assigns; thirty-three and one-third (33 1/3) per cent to the said Mary B. Hood, her heirs and assigns, and thirty-three and one-third (33 1/3) per cent to the said Mary C. Brelsford, her heirs and assigns. The said parties of the first part do hereby warrant the title to said land and will defend the same against the lawful claims of all whomsoever." This trust deed was recorded.

It is further alleged that the trustee bank and trust com-

pany "as trustee for E. M. Brelsford, Mary B. Hood and Mary C. Brelsford, and at their special instance and request and under their express direction," contracted to convey the land to David D. King for a consideration of $160,000.00, to be paid by installments as provided, $2,000.00 of which "was paid by complainant and was accepted by said defendant bank at the express direction of defendants, E. M. Brelsford, Mary B. Hood and Mary C. Brelsford."

There is no allegation that the trustee had been directed to sell and convey the land by a writing signed by the benefiiciaries and duly acknowledged for record as required by the trust deed.

Specific performance of the contract to convey made by the trustee was prayed. Demurrers were sustained and the bills of complaint dismissed. The complainant appealed.

The contention is that as the beneficiaries of the trust deed were the grantors who created the trust they would waive the requirement of the trust deed that directions to the trustee to sell and convey the lands shall be in writing signed by the beneficiaries and duly acknowledged for record; and that as it is alleged that the contract to sell and convey was made by the trustee at the special instance and request and under the express direction of the beneficiaries, and as $2,000.00 of the purchase price was paid to the trustee and delivered to the beneficiaries who refuse to return the same, it should be held that the beneficiaries cannot now equitably refuse specific performance of the trustee's contract to sell and convey.

When King accepted the trustees' contract to sell and convey and made the $2,000.00 payment, he had record notice of the terms of the trust deed that limited the authority of the trustee to make sales of the trust property to occasions when "directed to do so in writing signed by E. M. Brelsford, Mary B. Hood and Mary C. Brelsford or

the survivors or survivor of them and duly acknowledged for record.''·

In the case of a naked power not coupled with an interest, every prereqisite to the exercise of that power should precede it.  Deputron v. Young, 134 U. S. 241, 10 Sup. Ct. Rep. 539.

A sale and conveyance by the trustee at the special instance and request and under the express direction of the beneficiaries, when not so directed in writing signed by the beneficiaries and duly acknowledged for record in writing signed by the beneficiaries and duly acknowledged for record, is not authorized by the trust deed; and a verbal express direction by the beneficiaries to the trustee to sell and convey the trust property and the acceptance of part payment, does not so bind the beneficiaries as to warrant a court of equity in decreeing specific performance when the proposed vendee had notice of the trust limitations affecting a conveyance of the property, and has an adequate remedy at law to recover money paid on an unenforceable contract to convey.

Affirmed.

TERRELL AND BUFORD, J. J. concur;

BROWN, C. J. AND ELLIS AND STRUM, J. J., concur in the opinion.