HUBERT B. PHIPPS, et al., v. PALM BEACH TRUST COMPANY, et al.

196 So. 299
Division A
Opinion Filed May 21, 1940

*Alley & Burns,* for Appellants;

*Loftin, Calkins, Anderson & Scott,* Solicitors for Palm Beach Trust Company, and *George T. Clark,* Solicitor for John S. Phipps, John H. Phipps, *et al.,* Appellees.

TERRELL, C. J.—June 3, 1932, Margarita C. Phipps of Palm Beach County, Florida, created a trust out of certain securities from her separate property for the benefit of her children, John H., Hubert B., Margaret Douglas, and Michael G. Phipps, John H. Phipps, however, being the primary beneficiary of the trust. John S. Phipps, the husband of the donor of the trust and Palm Beach Trust Company were named as trustees to administer the trust estate. Section six of the trust indenture being pertinent to this decision is as follows:

"At any time within the duration of this trust, as hereinafter provided, upon the written direction of the then Individual Trustee, the Trustees shall pay over and transfer all or any part of the rest, residue, and remainder of the trust estate, both principal and income, which may at such time remain and be in the hands of the Trustees to the said John H. Phipps, Hubert B. Phipps, Margaret Douglas and Michael G. Phipps and to the descendants of any of

them, in such shares and proportions as the said Individual Trustee, in his or her sole and absolute discretion, shall determine and fix even to the extent of directing the payment of the entire trust estate to one of said parties. The written direction of the said John S. Phipps may be contained in his last will and testament, anything herein to the contrary notwithstanding."

John S. Phipps will hereafter be referred to as the individual trustee and Palm ,Beach Trust Company as the corporate trustee. July 25, 1939, the individual trustee pursuant to Section 6 of the trust indenture executed and delivered to the corporate trustee written directions to transfer the trust estate to the individual and the corporate trustee in trust for the benefit of the descendants of the original donor with the exception that provision be made for the payment of an income to the wife of the beneficiary John H. Phipps, if he (John H. Phipps) should so provide in his will. In the latter trust indenture, hereinafter referred to as the second trust indenture, John S. Phipps granted himself and his successors substantially the same power of appointment as was contained in the original trust indenture but otherwise the second trust indenture was slightly different from the original one.

The corporate trustee being in doubt as to whether or not the action of the individual trustee was within the scope of his powers granted in the original trust indenture brought this suit in equity praying for a construction of the original trust indenture with respect to its duties. All the children and grandchildren of the settlor of the trust were named as parties defendant and filed answers admitting the facts alleged in the bill of complaint. On final hearing, the chancellor ruled that the individual trustee was authorized

to create the second trust and ordered the corporate trustee to proceed as directed. This appeal is from the final decree.

The question to be answered may be stated as follows: May an individual and a corporate trustee clothed with absolute power to administer a trust estate in the interest of designated beneficiaries create a second trust estate, for the benefit of said beneficiaries at such time and in the manner determined by the individual trustee?

The powers vested in a trustee under a deed of trust may be general as when exercised in favor of any one the trustee may in his discretion select, or special as when exercised in favor of the person or class of persons named in the trust deed. We are confronted here with powers of the latter class and the rule is that if a trustee has a general power of appointment, that is a power to appoint anyone he may select including himself, he can effectively appoint one as trustee for himself or for another person. If a trustee has a special power of appointment that is a power to appoint among the members of a specified class, whether he can effectively appoint a trustee for members of the class depends upon the terms of the power vested in him. Restatement of the Law of Trusts, American Law Institute, page 66, Section 17, (E), 21 R. C. L. 804, 49 C. J. 1267.

The exercise of the power of appointment by the creation of a second trust such as is involved here has been upheld many times but an examination of some of the cases shows that all of them turn on the facts of the particular case and the terms of the instrument creating the trust. There is no fixed rule by which all are determined. Lawrence's Estate, 136 Pa. St. 354, 20 Atl. 521; Lehman v. Spicer, 176 N. Y. Supp. 445, 188 App. Div. 931; Aldar v. Jones, 98 Md. 101, 56 Atl. 487; Wilmington Trust Co. v. Wilmington Trust Co., 180 Atl. 597, Del. Ch. Greenough v. Osgood, 235 Mass.

235, 126 N. E. 461; Regents of the University System v. Trust Company of Georgia, 186 Ga. 498, 198 S. E. 345; Butler v. Huestis, 68 Ill. 594; Guild v. Mayor, 87 N. J. Eq. 38, 99 Atl. 120.

The general rule gleaned from the foregoing and other cases of similar import is that the power vested in a trustee to create an estate in fee includes the power to create or appoint any estate less than a fee unless the donor clearly indicates a contrary intent.

An examination of the original trust indenture including Section 6 as quoted discloses that the donor reposed unlimited confidence and discretion in the individual trustee and clothed him with absolute power to administer and dispose of the trust estate to any one of the named beneficiaries to the exclusion of the others. He was further vested with unlimited discretion as to time, amount, manner, and condition any sums should be paid to the beneficiaries. This being the case, there can be no question of the power of the individual trustee to create the second trust estate for the benefit of the class named in the original trust indenture.

Appellant admits that this conclusion is correct where the power of appointment in fee is general but he contends that where as here the power to appoint is special, the right to create a second trust estate by the donee of the first must be clearly indicated. Some of the cases, *In re:* Kennedy's Will, 279 N. Y. 255, 18 N. E. (2nd) 146, and Myers v. Safe Deposit & Trust Company, 73 Md. 413, 21 Atl. 58, apparently support this contention but the rationale of these cases is clearly revealed from the wording of the trust indenture. An examination of the trust indenture in this case leaves no doubt of the power of the individual trustee to create the second trust provided one or more of the descendants of the donor of the original trust are made the beneficiaries.

The other questions raised by appellants have been examined but they all relate to the propriety of the second trust as created by the individual trustee. If the second trust had gone outside the descendants of the donor of the first trust to find a beneficiary, there might be substance to this contention but so long as they are limited to this class, the power of the donee is absolute. To hold otherwise would limit the power of the individual trustee to administer the trust estate in a way not contemplated by the donor of the original trust.

It follows that the judgment of the chancellor must be, and is hereby, affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.