271 So.2d 754 (1972)
In re ESTATE OF Ruth Y. STEWART, Deceased, Petitioner,
v.
Manley P. CALDWELL, As Administrator C.T.A. of the Estate of Ruth Y. Stewart, Respondent.
No. 40839.
Supreme Court of Florida.
October 18, 1972.
Rehearing Denied February 7, 1973.
*755 Joseph D. Farish, Jr., of Farish & Farish, West Palm Beach, and Ryan, Taylor, Booker & Law, North Palm Beach, for petitioner.
Fletcher G. Rush, and W. Scott Gabrielson of Rush, Marshall, Bergstrom & Robison, Orlando, Manley P. Caldwell, Jr., of Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, Irwin L. Langbein, and John A. Gentry, III, of Moyle, Gentry, Jones & Flanigan, West Palm Beach, for respondent.
PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 242 So.2d 781. The decision sought to be reviewed conflicts with King v. Palm Beach Bank & Trust Co.,[1] giving this Court jurisdiction under § 4, Article V, of the Florida Constitution F.S.A.
Petitioner, Thomas Young, brought suit in the County Judge's Court, Palm Beach County, for construction and revocation of probate of a portion of the Last Will and Testament of his sister, Ruth Y. Stewart. The fifth paragraph of the Will, the portion in question, provides as follows:
"FIFTH: All the rest, residue and remainder of my estate, both real, personal and mixed, of every nature and wheresoever situate of which I may die seized or possessed, including without limitation all property acquired by me or to which I may become entitled after the execution of this my will and all property herein attempted to be disposed of, the disposition whereof by reason of lapse or other acts, shall fail to take effect, and including the property of which I have the power of appointment under the Will of my husband, FREDERICK M. STEWART, deceased, I give, devise and bequeath to my Trustees hereinafter named, IN TRUST NEVERTHELESS, for the following uses and purposes:
"(a) My Trustees shall receive, hold, manage, invest, reinvest and administer the same and collect the income thereof and pay the same to my brother THOMAS YOUNG, in monthly or quarterly installments as he may elect during the term of his life;
"(b) In the event that the amount of income payable to my brother, THOMAS YOUNG, from this trust shall be less than TWENTY THOUSAND DOLLARS ($20,000.00) in any one year, calculated from the date of my death, then I authorize and direct my Trustees, upon the written request of my said brother, to invade and use so much of the principal of said trust fund as may be necessary to make up the difference between the sum of TWENTY THOUSAND *756 DOLLARS ($20,000.00) and the amount of the income payable to him from said trust fund.
"(c) I further authorize and empower my Trustees to invade and use the principal of said trust and to pay over to my brother, THOMAS YOUNG, such additional amounts and at such times, as they, in their sole and exclusive discretion and judgment, may deem necessary or advisable to meet any emergency which may arise, such as unusual medical or other expenses incurred by my brother.
"(d) Any payments of principal which may be made pursuant to subparagraphs (b) and (c) hereof, shall be absolute and free from all trusts, and upon making such payments my Trustees shall be fully released and discharged from all further liability or accountability therefor.
"(e) Upon the death of my brother, the said trust shall terminate, and I direct and empower my Trustees thereupon to devise, pay over and distribute the principal of said trust as then constituted, together with any accumulated or accrued income, among such of my relatives as may then be surviving and among such charitable, educational or religious corporations, and in such proportions, as my friend and attorney, WILLIAM A. SHEA, shall, in his sole and exclusive discretion and judgment, fix, designate and determine." (Emphasis supplied.)
The testatrix died March 1, 1968, and her will was admitted to probate on March 20, 1968. Thereafter, Young petitioned for construction and revocation of a portion of the Will, renouncing any disposition and bequest made to him under the Will and seeking to have the Fifth paragraph revoked and declared invalid. On December 19, 1968, William A. Shea, holder of the power of appointment designated in the Fifth paragraph of the Will, filed a revocable designation of those relatives and corporations which were to take the principal of the Trust at its termination.
The Probate Judge entered an order holding paragraph Fifth (e) null and void as violating the rule against perpetuities and further holding that the power of appointment given to Shea could not be exercised until the death of the brother of the testatrix. The trial court found it unnecessary to decide the question of whether the power of appointment was impossible of performance because of ill-defined, vague and ambiguous classes of recipients described therein.
On appeal the District Court correctly held that the power of appointment did not violate the rule against perpetuities.[2] However, the District Court erred in holding that the purported exercise of the power of appointment by Shea prior to the death of the testatrix' brother was valid. This holding creates conflict with the rule of King v. Palm Beach Bank & Trust Co., supra, wherein it was held:[3]
"In the case of a naked power not coupled with an interest, every prerequisite to the exercise of that power should precede it."
The power of appointment given Shea under the Will is a naked power not coupled with an interest, in that he neither has nor acquires, any estate in the interest *757 to be disposed of.[4] The power is also classified, as the Court below correctly held, as a special power of appointment, in that it is a power to appoint among members of a class or classes specified in the Will.[5] Unlike a general power, a special power of appointment cannot be exercised in favor of the donee or his estate.[6] The trial court was also correct in holding as follows:
"As can be seen from a careful reading of the above Item Fifth (e), the decedent attempted to convey a power of appointment to William A. Shea, as `friend and attorney.' This is a special power, and is subject to a condition precedent, to wit: the death of Thomas Young. Such power cannot by law be exercised until the happening of the condition precedent, in this case the death of Thomas Young. In fact, the power does not exist until then. This power was given to Shea because of a personal confidence in him, and upon the death of Shea cannot be exercised by a substitute trustee.
"The exhibit attached to the amended answer discloses that William A. Shea attempted to exercise said special power on September 8th, 1968, at which time the said Thomas Young was still alive, reserving the right to change or modify same. This attempted exercise of the power or designation of beneficiaries is void and of no force and effect."
The recognized practical use of powers of appointment in testamentary dispositions is to provide flexibility in an estate so as to allow for change of conditions which may occur after the death of the owner of the property. Premature exercise of a power of appointment violates the purpose and intent of the donor.
Despite the need for flexibility, however, there are limitations on the degree of ambiguity and lack of specificity that can be upheld in a special power of appointment.[7] Paragraph Fifth (e) of the Will in the instant case exceeds those limitations. The power to appoint to "such of my relatives as may then be surviving", standing alone, might be subject to interpretation and enforcement on behalf of such a class. The cumulative effect, however, of the whole named and ill-defined classes renders the entire provision invalid.
Our decision essentially affirms the holding of the trial court, except that portion relating to the rule against perpetuities. Since there has been no determination below on the disposition of the residual interest covered by the invalid power of appointment, the cause must be remanded to the trial court for further proceedings establishing the rightful heirs of the testatrix.
Accordingly, the decision sought to be reviewed is quashed in part and affirmed *758 in part and the cause remanded for further proceedings consistent herewith.
It is so ordered.
CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
ROBERTS, C.J., and ERVIN, J., dissent.
NOTES
[1] 92 Fla. 414, 109 So. 580 (1926).
[2] In re Estate of Stewart, 242 So.2d 781, 784 (Fla.App.4th 1971): "As long as Shea makes a valid designation the interest can and must vest within the time prescribed by the rule. The court cannot void a power where the vesting must happen, if at all, within the rule. `If at all' are the life-giving words to an interest, where the only possible way it can vest falls within the rule and the only alternative is that it can never vest. In this event it would vest by intestacy. The power granted herein does not violate the rule against perpetuities."
[3] 92 Fla. 414, 416, 109 So. 580, 581 (1926).
[4] 25 Fla.Jur. Powers § 3: "A power simply collateral and without interest, or a naked power, exists when authority is given to a mere stranger to dispose of an interest that he neither has nor acquires in any estate whatsoever. But when the power is given to a person who derives under the instrument creating the power, or otherwise, a present or future interest in the property, the subject on which the power is to act, it is then a power coupled with an interest. A distinguishing feature of a naked power not coupled with an interest is that every prerequisite to the exercise of such power must be strictly observed."
[5] Phipps v. Palm Beach Trust Co., 142 Fla. 782, 196 So. 299 (1940).
[6] Sims & Smith, Future Interest § 876 (2nd Ed. 1956).
[7] 62 Am.Jur.2d Powers § 7: "To create a valid power, either beneficial or in trust, it is indispensable that the object or objects to be benefited by its execution shall be specified in or be clearly ascertainable from the instrument by which the power is atempted to be created. For the creation of a valid power in trust, it is essential that its execution be beneficial to some person or class of persons other than the grantee of the power who can compel the due execution of the trust, which person or class of persons must be designated in or be clearly ascertainable from the instrument by which the power is created."