SMITH, Judge.
The Bank, beneficiary of Minnie Young’s will, appeals from a trial court’s judgment which invalidates her bequest to the Bank of 20 shares of Bank stock.[1] The trial court’s decision, holding in effect that the stock passes to residuary beneficiaries, is grounded on three stated conclusions: (1) that the testatrix did not intend to make “an outright gift to the Bank for the purpose of enhancing its capital structure, but for the restrictive purpose of providing a financial mechanism by which newly elected Directors of the Bank could meet the qualification requirements of the national banking code, 12 U.S.C. Sec. 72”; (2) that considered as a trust the bequest “clearly violates the rule against perpetuities” in that the ultimate beneficiaries are unidentifiable individuals in whom the corpus will not necessarily vest within the period of the rule; (3) that 12 U.S.C. § 83 prohibits the Bank from receiving and holding its own capital stock as an asset except in circumstances not here pertinent; and (4) that to *69 regard the bequest as “an outright restricted gift” would tempt the Bank to violate 12 U.S.C. § 72 by selling the stock to a new director at a nominal price, to the prejudice of other stockholders and the Bank’s capital structure.
We have the view that this simple bequest may be effectuated. The testatrix, after bequeathing some of her Bank stock to Bank employees who befriended and assisted her during her life, bequeathed 20 shares of that stock to the Bank itself “that said stock may be sold at the direction of the President of the said Bank with the approval of the Directors to qualify a Director or Directors to serve said Bank.” The bequest was absolute and unrestricted except by the sensitivity of the Bank officers to the stated motives of the testatrix. The testatrix had no purpose to create a trust or to postpone the vesting of future interests in the stock; so her bequest should not be invalidated for its failure to satisfy rules pertaining to such matters. The circumstances here are entirely unlike those in In Re Estate of Stewart, 242 So.2d 781 (Fla.App. 4th, 1971), rev’d sub nom. Stewart v. Caldwell, 271 So.2d 754 (Fla.1973), relied on by the trial court, where the legatee was designated a “Trustee” and given a power of appointment, exercisable in the remote future, among an ill-defined class. The testatrix here envisioned no monetary or other benefit for the unnamed future directors to whom the stock' might be sold. She bequeathed both the stock and the benefit of it to the Bank, and her commendatory words concerning its sale to qualifying directors did not create a trust or otherwise charge the gift. Floyd v. Smith, 59 Fla. 485, 51 So. 537 (1910).
The National Bank Code provides:
“No association shall make any loan or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith; and stock so purchased or acquired shall, within six months from the time of its purchase, be sold or disposed of at public or private sale . . ..” 12 U.S.C. § 83 (emphasis added).
Neither the quoted statute nor the interpretative decision in Deitrick v. Greaney, 309 U.S. 190, 60 S.Ct. 480, 84 L.Ed. 694 (1940), relied on by the trial court, prohibits the Bank from acquiring and “holding” an outright bequest of its own capital stock. The statute prohibits only such “holding” of a bank’s own capital stock as results from the bank’s purchase or acquisition of a security interest in it. That interpretation seems required both by the text of the statute and by its title: “Loans on or purchases by bank of own stock.” 12 U.S.C. § 83. As the Supreme Court said in Dei-trick,
“The obvious purpose of prohibiting the purchase by a bank of its own stock is to prevent the impairment of its capital resources and the consequent injury to its creditors in the event of insolvency.” 309 U.S. at 195, 60 S.Ct. at 482, 84 L.Ed. at 698.
It is plain enough that Minnie Young’s bequest enhances and does not impair the Bank’s capital resources. As for the trial court’s apprehension that the Bank may underprice the stock in a qualifying sale to a new director, thus wasting assets and injuring other shareholders in violation of 12 U.S.C. § 72, the Bank’s sense of self-interest should sufficiently deter that improbable temptation. Failing that, the Comptroller of the Currency surely will. 12 U.S.C. § 161, et seq. In any event, the possibility that the Bank may misuse the bequest is no reason to cancel it.
REVERSED.
McCORD, Acting C. J., concurs.
FULLER, RICHARD S., Associate Judge, dissents.

. “I give, bequeath and devise to The First National Bank of Lake City, Florida twenty (20) shares of stock in The First National Bank of Lake City, Florida, this bequest being made that said stock may be sold at the direction of the President of said Bank with the approval of the Directors to qualify a Director or Directors to serve said Bank.”