571 P.2d 121

In the Matter of the last WILL and Testament of W. A. HAMILTON, Deceased.

Evelyn AIKENS and Hal Hamilton, Legatees-Appellants,

v.

Jack HAMILTON, Executor and Estate of W. A. Hamilton, Appellees.

No. 11349.

Supreme Court of New Mexico.

Nov. 15, 1977.

Mayfield & Beal, Bobby M. Mayfield, Las Cruces, for legatees-appellants.

Charles D. Alsup, Clayton, for Estate of W. A. Hamilton.

Charles C. Spann, Albuquerque, for Jack Hamilton, Executor.

### OPINION

SOSA, Justice.

This case is appealed from the District Court of Union County on a probate matter. Two of the three residuary legatees under the will of the decedent, W. A. Hamilton, filed objections to the executor's final account and report. The objections were denied pursuant to a motion from the executor, who is the third residuary legatee, on the grounds that they were not filed in compliance with § 31–12–11, N.M.S.A.1953 (Supp.1975), Ch. 118, § 1, 1955 N.M.Laws 187, *repealed* Ch. 257, § 9–101, 1975 N.M. Laws 1109, at 1345. That section required such objections to be filed not less than ten days before the hearing.

On June 28, 1976, the executor filed a "Notice of Hearing Upon Final Account and Report" to determine the residuary distribution; the hearing was to be held on August 30, 1976. On August 12, 1976, all parties stipulated that the hearing would be continued for a period of at least thirty days. Thereafter, the executor filed a notice of hearing on October 12, 1976, requesting that the cause be heard on October 25, 1976. The plaintiffs filed their objections to the final accounting on October 18, 1976, seven days before the scheduled hearing, but the hearing was again continued until November 29, 1976. The executor, on November 8, 1976, filed a response to the objections raising the untimeliness of the filing of said objections. The executor then filed an amended notice of hearing setting December 2, 1976, as the date for the hearing but the executor had to eventually file another amended notice of hearing setting January 31, 1977, as the hearing date. The court ultimately heard the matter and denied relief to the plaintiffs on the ground that they failed to comply with the ten-day requirement of § 31–12–11, N.M.S.A.1953 (Supp.1975) (repealed). The plaintiffs appealed. We reverse.

The question presented for our determination is: Does the ten-day requirement as stated in § 31–12–11, N.M.S.A.1953 (Supp. 1975) (repealed) refer to the original date set for hearing, or alternatively, does it refer to the actual date the hearing occurs?

Plaintiffs' main assertion is that § 31–12–11, N.M.S.A.1953 (Supp.1975) (repealed) should not be used to circumvent hearing their cause of action on its merits since the defendants actually had more than three months to consider the objections before the hearing occurred.

The defendants contend that the cited statutory section leaves no discretion to the trial court judge, and therefore the judge must dismiss the objections if they were filed in an untimely manner. This position presupposes that the ten-day limitation period only refers to the original date set for hearing.

We do not agree with the appellees' position and hereby decide that the ten-day requirement specified in § 31–12–11, N.M.S. A.1953 (Supp.1975) (repealed) refers to the actual date the hearing occurs. It is apparent to us that the purpose of the ten-day requirement is to allow the executor time to prepare for the hearing.

In the instant case, the hearing was not held until a period of five months had lapsed from the date the original hearing was set. We do not see how the executor or other legatees were prejudiced by this rule. A priori, the executor stipulated to the continuances. To allow the executor to come now and raise the ten-day requirement defeats the purpose of the stipulation. The negotiations between attorneys on both sides concerning a delay in the proceedings were sufficient to cause counsel for the appellant to reasonably believe that he had additional time to file the objections to the final account and report.

We, therefore, reverse and remand this action to the district court for a hearing on the objections to the final account and report.

EASLEY and PAYNE, JJ., concur.