684 P.2d 513

**Caesar GARCIA, Plaintiff-Appellee,**

v.

**Dolores Garcia MARQUEZ,
Defendant-Appellant.**

No. 15140.

Supreme Court of New Mexico.

July 23, 1984.

Parsons, Parsons & Bryant, Daniel A. Bryant, Ruidoso, for defendant-appellant.

O'Reilly & Huckstep, Mel B. O'Reilly, Ruidoso, for plaintiff-appellee.

## OPINION

SOSA, Senior Justice.

Plaintiff Caesar Garcia brought an action to impose a trust on land he had previously conveyed to his daughter Dolores Marquez. Defendant Marquez appeals from the district court's imposition of a constructive trust claiming: 1) the evidence was insufficient to justify imposition of a constructive trust; 2) plaintiff's complaint was barred by the statute of limitations or the doctrine of laches; 3) the clean hands doctrine should apply to preclude imposition of the trust; and 4) plaintiff Garcia waived any claims he may have had to the property.

The property in question consisted of two contiguous lots in Ruidoso purchased by plaintiff and his former spouse in 1940 and included the family residence. In July 1974 plaintiff and his spouse deeded the property to defendant. Plaintiff, his spouse and defendant continued to reside in the family home until July 1979 when the parents were divorced.

In May 1980 plaintiff filed an action to establish a constructive trust over his interest in the property. Plaintiff's former spouse was never made a party to this action. After trial on the merits the district court concluded that defendant's title be encumbered with a constructive trust for herself and her brothers and sisters to the extent of plaintiff's one-half interest in the property. The court further concluded that defendant be reimbursed for $2,250 of her costs and attorney's fees incurred in preserving the property. Defendant was accordingly ordered to convey plaintiff's interest to herself and her brothers and sisters as tenants in common.

### Substantial Evidence

Defendant initially asserts there is no substantial evidence of fraud, duress, overreaching or similar unconscionable conduct on her part in connection with the transfer of the property as would be required for the imposition of a constructive trust. Such conduct, however, is not essential for the imposition of a constructive trust. *See Velasquez v. Mascarenas*, 71 N.M. 133, 140–141, 376 P.2d 311, 316 (1962).

Other grounds commonly supporting the imposition of constructive trusts are abuse of a confidential relation and unjust enrichment. *Flanagan v. Benvie*, 58 N.M. 525, 273 P.2d 381 (1954); Restatement (Second) of Trusts §§ 2 comment b, 44, 45 (1959); G. Bogert, *The Law of Trusts and Trustees* §§ 482, 496 (1978). We review the record then for evidence which would properly support the trial court's imposition of a constructive trust.

The general rule applicable to substantial evidence questions is that all evidence is viewed in a light most favorable to the findings and conclusions of the trial court and this Court will not reverse unless convinced that the judgment and the findings and conclusions upon which it is based cannot be sustained either by the evidence or by permissible inferences therefrom. *Lujan v. Pendaries Properties, Inc.*, 96 N.M. 771, 635 P.2d 580 (1981). The rule

applies equally to cases where proof must be determined by clear and convincing evidence, *Duke City Lumber Co. v. Terrel*, 88 N.M. 299, 540 P.2d 229 (1975), as is required for the establishment of constructive trusts. *White v. Mayo*, 35 N.M. 430, 299 P. 1068 (1931); G. Bogert, *supra*, at § 472; *see Giovannini v. Turrietta*, 76 N.M. 344, 348–349, 414 P.2d 855, 858 (1966).

In the instant case, the evidence was conflicting regarding the circumstances surrounding the transfer. Plaintiff Garcia testified that the property was transferred after he had been involved in an auto accident and became worried over the possibility of losing the family house in subsequent litigation. He indicated he and his former spouse transferred the property to defendant because she was their only remaining unmarried child still living at home and because his former spouse expressed a strong desire that the property be placed in defendant's name.

At trial, plaintiff indicated that defendant had agreed to transfer ownership to all of the children in the family once the property was no longer used as the family home. This information was transmitted throughout the family by a series of individual conversations among various family members. Plaintiff and some of his children testified the property was to benefit all children in the family equally. Defendant, on the other hand, testified that she was not aware of such an obligation or any other limitation to her exclusive ownership of the property.

The evidence was also conflicting regarding exercise of dominion and control over the property after the 1974 transfer. Between the time of transfer and the date of the divorce, plaintiff's funds were for the most part used for improvements to the home and to pay property taxes, utilities and insurance. The improvements included the addition of a two-story structure on the property. Some members of the family contributed to what they viewed as their parent's efforts at these home improvement projects. Although defendant paid for some minor improvements of her own, she did not reimburse her father or members of the family for improvements they had made. Finally, while some of defendant's siblings were generally aware of the deed to defendant, they thought their parents still owned the property and sought their permission, and not that of defendant, to live in the home temporarily or to store items on the premises.

■ From the evidence it is clear a parent-child relationship existed with surrounding circumstances indicating the presence of a relationship of trust and confidence between the parties. There was clear and convincing evidence outlining the terms of defendant's ownership and the conditions upon which it was to be transferred to her siblings. Viewing the evidence in a light most favorable to the trial court's findings and conclusions, *Lujan v. Pendaries Properties, Inc.; Duke City Lumber Co. v. Terrel*, and in keeping with the tendency of courts to liberally construe confidential relationships, *see* Restatement (Second) of Trusts, *supra*, at § 44 comment a; G. Bogert, *supra*, at § 496, we conclude there was sufficient basis for the imposition of a constructive trust over plaintiff's one-half interest in the real property.

**Claim Bar**

Defendant also claims that plaintiff's action was barred either by the statute of limitations or laches. As to the statute of limitations, she asserts that the four-year period set forth at NMSA 1978, Section 37–1–4 for constructive trusts began to run on the date of the original July 1974 conveyance and thus barred plaintiff's May 1981 lawsuit. She further argues there is no evidence of fraudulent concealment on her part which would have tolled the limitations period.

■ Defendant's argument is misplaced. The proper rule of law to be applied here is that a limitations period does not run between a trustee and his beneficiary until there has been a repudiation of the constructive trust. *Miller v. Miller*, 83 N.M. 230, 490 P.2d 672 (1971).

■ Prior to the time defendant moved out of the family residence in May 1979, there is no indication of her unequivocal assertion of exclusive ownership. Defendant's actions after July 1974 were generally not consistent with the exercise of control over the property. The family in fact generally viewed both parents as maintaining exclusive control until their 1979 divorce. Under *Miller*, the four year limitations period would not have commenced until defendant's earliest repudiation of the trust. There is simply no evidence of defendant's repudiation occuring more than four years prior to the May 26, 1981 date plaintiff brought his action.

■ Defendant's laches claim is equally misdirected. The elements required for laches are 1) the defendant's invasion of plaintiff's rights; 2) plaintiff's delay in asserting his rights after he had notice and a reasonable opportunity to sue; 3) defendant's lack of knowledge that plaintiff would assert his claim; and 4) injury or prejudice to defendant in the event relief is accorded plaintiff or suit is not held to be barred. *Butcher v. City of Albuquerque*, 95 N.M. 242, 620 P.2d 1267 (1980).

■ All required elements are not present in the instant case. Here, there was no unreasonable delay on plaintiff's part in bringing his claim after he had notice of defendant's repudiation. Furthermore, defendant was not prejudiced by imposition of the trust since she paid no consideration for the original conveyance of the property to her and was awarded $2,500 in costs and attorney's fees incurred in repairing and preserving the property.

For these reasons, we conclude plaintiff's action was not time-barred by the statute of limitations or by the doctrine of laches.

### Clean Hands

Defendant argues that the clean hands doctrine should bar imposition of the trust since plaintiff's conveyance was for the purpose of defrauding a potential judgment creditor in litigation arising out of an auto accident. Defendant asserts that such motivation for the property transfer constituted a fraudulent conveyance under the then-controlling provisions of the Uniform Fraudulent Conveyance Act, NMSA 1953, Sections 50–14–1 through 50–14–13.

Plaintiff was involved in an auto accident in July 1974. Worried over the prospect of losing the family home in litigation arising out of that accident, plaintiff and his former spouse deeded the property to defendant. The action filed against plaintiff in connection with this incident was dismissed with prejudice in September 1975 pursuant to a stipulation of the parties.

Whether clean hands should bar plaintiff's action to impose the trust under these circumstances requires a balancing of the general policy disfavoring unjust enrichment, as against the policy denying relief to individuals who may be parties to fraudulent transactions. *Thomasi v. Koch*, 660 P.2d 806 (Wyo.1983); Restatement, *supra*, § 422. Here there is no question but that defendant will unjustly benefit if the trust is not imposed. She would exclusively own her father's interest in the family residence and the surrounding property after having paid no consideration and after having made only minimal improvements after the transfer. Defendant's exclusive ownership would clearly be contrary to her father's position that all his children were to benefit equally from his share.

■ Secondly, although plaintiff's transfer was made with the intent to place the property beyond the reach of a possible judgment creditor, no person was harmed because no judgment was ever obtained. The tort action against plaintiff was dismissed with prejudice. No judgment having been obtained, there was no creditor to defraud and no fraudulent conveyance. *See Estate of Blanco*, 86 Cal.App.3d 826, 150 Cal.Rptr. 645 (1978); *see generally* Annot. 6 A.L.R. 4th 862, §§ 3, 4, 8 (1981). On balance, the policy against unjust enrichment was a justifiable basis for the imposition of the trust notwithstanding defend-

ant's assertion of unclean hands. *Henry v. Goodwin,* 266 Ark. 95, 583 S.W.2d 29 (1979); Bogert, *supra,* § 211.

## Waiver

Defendant lastly claims plaintiff waived all claims to the property by stipulating in his 1979 divorce proceedings that he and his spouse had no real property to divide, thereby reaffirming the 1974 deed to defendant and her exclusive ownership of the property.

The definition of waiver was recently reiterated in *Albuquerque National Bank v. Albuquerque Ranch Estates, Inc.,* 99 N.M. 95, 101, 654 P.2d 548, 554 (1982) as "[t]he intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of the right, resulting from an express agreement between the parties or which is inferred from circumstances indicating an intention to waive." Whether an affirmative defense of waiver has been proven is a factual question for the trial judge, the determination of which will not be disturbed if based on substantial evidence. *Id.* at 102, 654 P.2d 555.

The stipulation in issue was only between plaintiff and his former spouse. There was certainly no express agreement encompassed therein regarding the asserted trust between plaintiff and defendant. There is little basis in the record for an inference that plaintiff intentionally relinquished his right to assert the trust for the benefit of his other children. Plaintiff's stipulation simply did not indicate a waiver of all rights to enforce the promise that defendant share the property equally with his other children. We find no error in the district court's refusal to find a waiver.

For the foregoing reasons the judgment of the trial court is affirmed.

It Is So Ordered.

STOWERS and WALTERS, JJ., concur.