760 P.2d 148

**Gilbert Reyes GRANADO, Personal Representative of the Estate of Augustin Granado, Deceased, Plaintiff–Appellee,**

v.

**Clara GRANADO, Severo M. Granado, Defendants–Appellants,**

**Severo Abeyto Granado, Jr., Edmundo Gutierrez and Carolina Gutierrez, Defendants.**

No. 17459.

Supreme Court of New Mexico.

Aug. 24, 1988.

Kastler and Kamm, Terrence R. Kamm, Raton, for defendants-appellants.

Robin C. Blair, Raton, for plaintiff-appellee.

## OPINION

WALTERS, Justice.

Defendants appeal a declaratory judgment which determined that a bar and liquor license in Cimarron, New Mexico, had been held in trust by Severo M. Granado for his son Augustin Granado, the now-deceased father of plaintiff personal representative and his siblings. The trial court ordered assignment by defendants of all right, interest, documents of title, and bills of sale to real and personal property constituting the res of plaintiff's claim, to the heirs of Augustin. Defendants claim on appeal that (1) plaintiff's claim was barred by the statute of limitations; (2) there was insufficient evidence to establish a resulting trust; and (3) the doctrine of unclean hands would preclude judgment in plaintiff's favor. We affirm.

A recitation of the chronology of events, most of which were included in the court's findings of fact, is helpful. In 1963 or 1964, Augustin was convicted of a felony

and served three or four years in a penitentiary in California. Following his release from prison, he and his family moved to Cimarron, New Mexico. In 1972, the opportunity arose for Augustin to lease the El Dorado Bar. Because NMSA 1953, Section 46–5–14(a)(1) (now Liquor Control Act, NMSA 1978, § 60–3A–1 to 60–8A–19) prohibited a convicted felon from acquiring a liquor license, the lease was executed in the name of Augustin's wife, Mary Granado. When Augustin and Mary were divorced, Augustin arranged for his father to be substituted as the named lessee, and when Augustin later was able to negotiate a purchase of the bar in 1977, the contract named his father as the purchaser. Augustin made a $7,000 down payment and agreed to pay the balance of the purchase price, signing an indemnification agreement to do so. Severo M. Granado, Augustin's father, acquiesced in this arrangement, knowing that Augustin was legally barred from holding a liquor license.

Augustin assumed all the obligations of a manager/owner until the time of his death. His father's participation in the operation of the bar was limited to signing the documents of lease and purchase at the direction of Augustin.

When Augustin died in 1979, he left five children, only one of whom had attained the age of majority. Immediately following Augustin's death, his attorney advised Augustin's brother Severo, Jr., sister Clara, and other family members that the El Dorado Bar was an asset of the estate that needed management, and that Augustin's heirs held the beneficial interest in that property. Severo, Jr., who was appointed personal representative, promised Augustin's son, plaintiff Gilbert Granado, and Gilbert's mother that he would turn over the bar and property to Gilbert when Gilbert became twenty-one. Severo, Jr., however, did not list the property in the probate proceedings as an asset of Augustin's estate. Thereafter, Severo, Jr., operated the bar for a very short time, then left the state and turned over to Clara the management of the bar. Clara lived on the property, operated the bar, paid installments on the sales contract, and maintained herself from its operation for eight consecutive years until the date of trial.

When Gilbert reached the age of twenty-one in 1982, he demanded that Severo, Jr., relinquish his position as personal representative and turn over the El Dorado Bar, as promised, for the benefit of the heirs. Gilbert, for the first time, then learned from his uncle of a contention that the property did not belong to Augustin's heirs at law. In August 1983, Clara Granado instructed her daughter to write to the attorney for the estate contradicting the attorney's assertion that the bar belonged to Augustin at the time of his death. Subsequently, in January 1984, Clara caused her father to transfer the property to her as a gift, even though she had been advised by the estate's attorney that her father held the property in trust for the benefit of Augustin's children.

Some of the above facts were contested, but all of the trial court's findings are supported by the evidence.

## I.

Defendants cite NMSA 1978, Section 37–1–4, as barring the action because it was not filed within four years after the probate proceedings were opened. That section provides that "actions not herein otherwise provided for and specified [shall be brought] within four years." Defendants contend that the four-year statute of limitations began to run at the time the probate was filed. Although we agree that the statute of limitations is four years for this action, we do not agree with defendants on the date upon which it began to run. It is well-settled in this jurisdiction that when suit is brought for imposition of an equitable trust, the statute of limitations does not run between a trustee and a beneficiary until there has been a repudiation of the trust, whether it be a constructive trust, *Miller v. Miller*, 83 N.M. 230, 235, 490 P.2d 672, 677 (1971); *Garcia v. Marquez*, 101 N.M. 427, 429, 684 P.2d 513, 515 (1984), or a resulting trust, *White v. Mayo*, 31 N.M. 366, 377, 246 P. 910, 914 (1926).

To prove repudiation of the trust, the complaining party must show that there has been an open denial of the trust by the trustee who held the property for the benefit of the plaintiff. *Id.* Obviously, a plaintiff must be aware of such a repudiation before the necessity for action to protect his or her interest in the property becomes apparent.

There was no evidence that Severo M. Granado or Clara at any time repudiated the trust before 1982 when Gilbert demanded that the property be turned over to him for the benefit of himself and his father's other heirs. It was thus at that time that the running of the four-year statute of limitations commenced. Because we conclude that the statute of limitation began to run in 1982, we do not consider whether a statute of limitations was or would be tolled by the minority status of some of the heirs. This action, filed in 1984, was not time-barred.

## II.

Defendants next assert an absence of substantial evidence to support the court's determination that Severo M. Granado became the trustee of a resulting trust in the Cimarron property for the benefit of Augustin and, thereafter, his heirs.

A resulting trust arises when a person causes to be made a disposition of property under circumstances that raise the inference that the person gaining legal title to the property is not intended to have a beneficial interest in the property. *McDermott v. Sher*, 59 N.M. 142, 150–51, 280 P.2d 660, 665 (1955). Resulting trusts are imposed in equity to enforce the intent of the parties. That intent may be shown by circumstantial or parol evidence, even though such evidence directly contradicts legal warrant, patent, or deed. *Browne v. Sieg*, 55 N.M. 447, 457, 234 P.2d 1045, 1051 (1951). When the plaintiff demonstrates that he or his predecessor has furnished the money for acquisition of property with the intent that the one who takes title will hold it in trust for the one who advanced the purchase money, and that the money was so applied, a resulting trust is estab-

lished. *Id.* at 456–57, 234 P.2d at 1054–55; *Brown v. Likens*, 37 N.M. 312, 315–16, 22 P.2d 848, 849 (1933).

Plaintiff produced evidence that Augustin had a five-figure bank account in California at the time he paid $7,000 as a down payment on the property. Other testimony established that Augustin had the money available for the down payment, and that Severo M. Granado did not. The father Severo testified that he had in the bank only $1,500 in 1972 and that he "used it as [he] needed it," withdrawing "a little at a time." Some years later, he sold a house he had inherited from his grandparents, receiving forty dollars a month on a real estate contract. Between 1972 and 1977 he worked on a ranch, earning only enough for his personal expenses. The trial court was entitled to infer from the elder Severo's testimony that he had not furnished any purchase money for the bar, but that Augustin had. The idemnity agreement executed by Augustin lent credence to the claim that Augustin was the actual purchaser of the bar. Additional evidence disclosed that until his death Augustin managed the El Dorado Bar, made all monthly purchase installments, paid taxes and insurance, paid for repairs and improvements, took and controlled the receipts from the bar business, and allocated its income at his discretion. The evidence was sufficiently clear, convincing, and substantial to support the trial court's finding that Augustin was the beneficial owner of the property.

## III.

Defendants argue that Augustin's arrangement to obtain a beneficial interest in property prohibited to him by the Liquor Control Act, thereby accomplishing an illegal purpose, should bar suit by his heirs. The trial court rejected that defense and, under the facts found by the court, so do we.

The application of what is, in effect, the doctrine of unclean hands rests within the discretion of the trial court and we will not disturb the exercise of that discretion absent clear abuse. *Wolf and Klar Cos. v.*

*Garner,* 101 N.M. 116, 118, 679 P.2d 258, 260 (1984). Contending that Augustin would be estopped from claiming relief because of his illegal circumvention of the law, defendants urge that estoppel should likewise apply to his heirs. They cite from foreign jurisdictions to support the proposition that an heir in privity with the ancestor is bound by the same estoppel that binds the ancestor. We decline to depart from our stated view that a court of equity must weigh the policy of denying relief to one who transfers property for a wrongful purpose, against the policy disfavoring unjust enrichment of a transferee who was not intended to hold beneficial interest in the property. *Garcia,* 101 N.M. at 430, 684 P.2d at 516. In balancing the equities, the trial court must consider the seriousness of the wrong perpetrated by the payor. G. Bogert, *The Law of Trusts and Trustees* § 463, at 771 (rev.2d ed.1977).

In its carefully constructed decision, the trial court found that the legislature, in the new Liquor Control Act, had relaxed the policy against felons holding liquor licenses; that relief was "sought not by the felon but instead on behalf of his heirs" who were innocent of wrongdoing; that Severo M. Granado knew he was illegally assisting his son; and that failure to grant relief would unjustly enrich Clara, an adult, who had joined the elder Granado in breaching his trust to Augustin's innocent children. Moreover, because Clara was not a bona fide purchaser, she took the property subject to the resulting trust. Restatement (Second) of Trusts § 408 (1959). The trial court correctly concluded that the State had "little to gain in achieving its public purpose of protecting the morals of every community in the state by here penalizing the unoffending children of Augustin Granado." The trial judge wisely exercised his equitable powers in an equitable manner, and we will not interfere with his decision.

We affirm the judgment of the trial court imposing the resulting trust and directing assignments of interests and reformation of lease and sales documents, bills of sale, and any other necessary contracts to reflect Augustin Granado's heirs as purchaser and lessee of the contested proper-ty, in all respects. Plaintiff shall recover his costs.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.