868 P.2d 1299

**In the Matter of The ESTATE OF A. James BOYER, Deceased.**

**Edward G. BOYER, John R. Boyer, and Mildred B. Harbaugh, Petitioners–Appellees,**

v.

**George A. MORRISON, Roger Brastrup, and Lyle Speer, Respondents–Appellants.**

**No. 13911.**

Court of Appeals of New Mexico.

Jan. 11, 1994.

**76**

Clara Ann Bowler, Bruce C. Redd, Albuquerque, for respondent-appellant George A. Morrison.

Ernie Leger, Albuquerque, for respondents-appellants Roger Brastrup and Lyle Speer.

Robert M. St. John, Patricia M. Taylor, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for petitioners-appellees.

## OPINION

DONNELLY, Judge.

Appellants, George A. Morrison, Roger Brastrup, and Lyle Speer, appeal from a judgment determining certain provisions of the Last Will and Testament of A. James Boyer, deceased, were without legal effect, and ordering that Morrison be removed as personal representative of the decedent's estate. We discuss whether the trial court erred in: (1) determining that the provisions of the decedent's will were insufficient to create a testamentary trust; (2) holding that the decedent's will did not create a power of appointment; and (3) removing Morrison as personal representative of the estate. We affirm in part and reverse in part.

## FACTS

The decedent died on September 23, 1991, at the age of ninety-one years. On September 7, 1991, sixteen days before his death, he executed a last will and testament (the will). An order approving Morrison's petition for admission of the will to informal, unsupervised probate was entered on October 3, 1991, and Morrison, an attorney and personal friend of the decedent, was appointed as personal representative of the decedent's estate pursuant to the provisions of the will. The 1991 will of the decedent expressly revoked all prior wills made by him, including a will executed in 1977.

On November 20, 1991, the decedent's intestate heirs, Edward G. Boyer, John R. Boyer, and Mildred B. Harbaugh (Appellees), filed a petition to set aside the will, alleging that it was the product of undue influence and fraud; that the will and purported testamentary trust provisions were invalid; and that Morrison's act of preparing the will and designating himself as both a trustee and beneficiary violated rules governing the practice of law. Appellees' petition requested that the trial court declare the decedent's will to be void, that they be declared the decedent's intestate heirs, and that they be awarded attorney fees.

Appellees subsequently moved for summary judgment, asserting that the distributory provisions of the will were legally insufficient, and that the Second and Third Articles of the will were invalid. These Articles stated:

SECOND: I give, devise and bequeath all of my estate and property, real, personal and mixed, wheresoever situated, of which I may be possessed, or to which I may be entitled at the time of my death, to my Trustee, George A. Morrison, in Trust.

THIRD: I direct my Trustee to distribute all of my estate according to my instructions which I may give to him from time to time in my own handwriting or otherwise, but nonetheless signed or initialed by me. In the event, by whatever circumstance, I fail to leave such instructions to my Trustee, then I direct my Trustee to distribute my estate according to his discretion, bearing in mind the many conversations we have had together in which I have named those who are the objects of my generosity.

The motion for summary judgment was accompanied by Appellants' response to Ap-

pellees' request for admissions. The response admitted that the decedent was a client of Morrison's and that Morrison had drafted the decedent's will; that apart from the will itself, "no written trust agreement executed by [the decedent] . . . nam[es] . . . Morrison as trustee"; and that there are no written instructions from the decedent to Morrison "of the kind referred to in the [Third] Article of the last Will," except for the will itself. Morrison's response to the request for admissions also stated that "I do have notes and notes of Donald Hardesty regarding [the decedent's] wishes as to who is to receive his estate."

Appellants' response to the motion for summary judgment contended that the trust created by the will and the will itself were valid because the beneficiaries were ascertainable; that the will was sufficient to give Morrison a power of appointment, thus permitting him to select the persons who should be the beneficiaries of the decedent's estate; that the persons to be eligible beneficiaries of the testamentary trust were capable of being ascertained; that the testamentary trust did not violate the rule against perpetuities; and that Morrison's preparation of the will and his agreement to serve as trustee of the testamentary trust did not violate any rules governing the practice of law. Appellants also denied that Morrison was a devisee under the will.

Shortly after the filing of Appellees' motion for summary judgment, Morrison filed a proposed schedule of distribution pursuant to his claim that the Third Article of the decedent's will created a valid power of appointment. The schedule named the individuals that he had selected as beneficiaries of the decedent's testamentary trust.

A hearing on the motion for summary judgment was held on February 28, 1992. At the hearing on their motion for summary judgment, Appellees abandoned that portion of their motion which sought to have the trial court declare the decedent's will void in its entirety. Instead, Appellees argued that the trial court should invalidate only those portions of the will that attempted to create a testamentary trust, or that purportedly gave Morrison a power of appointment.

On March 19, 1992, the trial court entered a judgment disposing of Appellees' motion for summary judgment, and ordered that the provisions of the decedent's "Will so far as they attempt to set up a trust or to create a power of appointment are insufficient as a matter of law"; that "the Second and Third Articles of [the decedent's will] . . . are . . . insufficient as a matter of law to create a trust, to establish a power of appointment or otherwise to provide for the distribution of the Estate of the decedent[,] and . . . the Estate should be distributed as subsequently determined by this Court[.]" The judgment also provided that Morrison should be removed as the personal representative of the decedent's estate.

Appellants' motion for reconsideration was denied on April 10, 1992.

*FINALITY OF JUDGMENT*

We first address the threshold issue of whether the judgment entered by the trial court on March 19, 1992, constituted a final, appealable order. The order, in applicable part, stated:

> [T]he Court having determined that no just cause or reason exists for delay in entering a final judgment; it is
>
> ORDERED, ADJUDGED AND DECREED that the provisions of the Second and Third Articles of the [will] . . . be, and the same hereby are, determined . . . to be insufficient as a matter of law to create a trust, to establish a power of appointment or otherwise to provide for the distribution of [the decedent's estate] and that the Estate should be distributed as subsequently determined by this Court. . . .

■ The judgment effectively invalidated the provisions of the will disposing of the decedent's estate and removed Morrison as personal representative of the estate. Both Appellants and Appellees argue that, even

78

though the judgment reserved jurisdiction to determine how the estate should be distributed, the judgment is final for purposes of this appeal. We agree. *See* NMSA 1978, § 45–3–107 (Repl.Pamp.1989) ("Unless supervised administration ... is involved, each proceeding before the district court or probate court is independent of any other proceeding involving the same estate."); *In re Estate of Newalla*, 114 N.M. 290, 294, 837 P.2d 1373, 1377 (Ct.App.1992) (as a general rule each petition in probate file is considered as initiating independent proceeding, so that order disposing of matters raised in petition should be considered a final appealable order). *See generally* V. Woerner, Annotation, *Right of Appeal From Order on Application for Removal of Personal Representative, Guardian, or Trustee*, 37 A.L.R.2d 751 (1954).

Considering the nature of the issues involved, the language of the order, and the practical effect thereof, we think it is clear that the order granting Appellees' motion for summary judgment was a final order within the contemplation of Section 45–3–107. *Cf. Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 235, 824 P.2d 1033, 1037 (1992) (decision as to whether judgment is final is based on practical, not technical interpretation, and may be considered final even though certain other action remains to be taken); *Luevano v. Group One*, 108 N.M. 774, 776, 779 P.2d 552, 554 (Ct.App.1989) (order granting summary judgment, disposing of all claims, is a final order).

*VALIDITY OF TESTAMENTARY TRUST*

The judgment entered below found, among other things, "that the provisions of [the decedent's 1991] Will so far as they attempt to set up a trust or to create a power of appointment are insufficient as a matter of law[.]"

Appellants argue that the trial court erred in determining that the provisions of the Second and Third Articles of the decedent's will were insufficient to create a testamentary trust. Appellants contend that a testamentary trust can be valid even though the

beneficiaries were not named in the will itself, and that the provisions of our Probate Code do not limit testamentary trusts "to those which name the beneficiary [or beneficiaries] on the face of the will[.]"

It is undisputed that, apart from the language of the will itself, the decedent left no written or initialed instructions describing his intended beneficiaries. Moreover, the provisions of the will are devoid of any language that would permit the trial court to ascertain with any degree of reasonable certainty the prospective beneficiaries of the attempted testamentary trust. Under these circumstances we conclude that the trial court correctly determined that a valid testamentary trust did not exist.

The elements of a valid trust include a competent settlor and trustee, intent by the settlor to create a trust, ascertainable trust res, a sufficiently ascertainable beneficiary or beneficiaries, a legal purpose, and a legal term. *In re Will of Coe*, 113 N.M. 355, 360, 826 P.2d 576, 581 (Ct.App.1992); *see also Golleher v. Horton*, 148 Ariz. 537, 543, 715 P.2d 1225, 1231 (Ct.App.1985), *review denied* (March 13, 1986); *In re Estate of Granberry*, 30 Colo.App. 590, 498 P.2d 960, 963 (1972). Because the identity of the persons intended to be "the objects of [the decedent's] generosity" are not capable of reasonably being ascertained, we agree with the trial court that the provisions of the decedent's will attempting to create a testamentary trust were not effective to establish an express trust. *See In re Estate of Liginger*, 14 Wis.2d 577, 111 N.W.2d 407, 409 (1961) (will leaving money to executor and directing executor to pay sums in his sole discretion to persons whom the decedent had previously indicated created a trust; however, trust failed because oral declarations of the decedent could not be admitted); *see also* Restatement (Second) of Trusts §§ 112, 122 (1959) [hereinafter Restatement of Trusts]; 2 Austin W. Scott & William F. Fratcher, *The Law of Trusts* § 122 (4th ed. 1987); *see also In re Will of Coe*, 113 N.M. at 360, 826 P.2d at 581 (elements of a valid trust include

sufficiently ascertainable beneficiary or beneficiaries); *In re Estate of Kradwell*, 44 Wis.2d 40, 170 N.W.2d 773, 774 (1969) (trust held not to have been created where uncertainty existed as to identity of beneficiaries and no one was in position to enforce trust). *See generally* George E. Palmer, *The Effect of Indefiniteness on the Validity of Trusts and Powers of Appointment*, 10 UCLA L.Rev. 241, 280–81 (1963); B.P. de R. O'Byrne, Annotation, *Disposition of Property of Inter Vivos Trust Falling in After Death of Settlor, Who Left Will Making No Express Disposition of the Trust Property*, 30 A.L.R.3d 1318 (1970).

In evaluating the arguments of Appellees that the attempted testamentary trust failed to identify the decedent's intended beneficiaries, we also find the reasoning of Restatement of Trusts, *supra*, Section 122 comment a, persuasive. Comment a notes:

*When class is indefinite.* A class of persons is indefinite within the meaning of the rule stated in this Section if the identity of all the individuals comprising its membership is not ascertainable. The class may be such that it is possible to determine that certain persons fall within it and that other persons do not fall within it.... Thus, the "friends" of the settlor or of another person constitute an indefinite class. So also, the class is indefinite where it includes any natural person other than the transferee himself or his estate.

The provisions of the Second and Third Articles of the decedent's will specified that the beneficiaries of his estate were to be selected by Morrison. However, the identity of the individuals eligible to be selected as beneficiaries were not capable of being drawn from any specifically identifiable class or category specified by the decedent. Under this posture the attempted trust was unenforceable.

■ Appellants, relying in part upon *Granado v. Granado*, 107 N.M. 456, 760 P.2d 148

(1988), and *In re Estate of Shadden*, 93 N.M. 274, 599 P.2d 1071 (Ct.App.), *certs. denied*, 93 N.M. 172, 598 P.2d 215 (1979), also argue that the trial court erred in not permitting them to introduce extrinsic evidence to clarify the decedent's intended trust beneficiaries. The record, however, fails to reflect that Appellants pursued this contention at the hearing on Appellees' motion for summary judgment.[1] Nor do we find either *Granado* or *In re Estate of Shadden* dispositive here.

*Granado* dealt with an order finding that the circumstances of that case were sufficient to give rise to the creation of an equitable trust, not an express trust. 107 N.M. at 459, 760 P.2d at 151. Although the court in *In re Estate of Shadden* held that extrinsic evidence may be admissible under certain circumstances to clarify an ambiguity in a will, that decision does not aid Appellants here. 93 N.M. at 278–79, 599 P.2d at 1075–76. Since it is undisputed that the decedent failed to leave written, signed instructions identifying his intended beneficiaries, extrinsic, oral testimony was not admissible to rectify defects in the will itself or to overcome the decedent's failure to leave proper written instructions concerning his beneficiaries. *Cf. Portales Nat'l Bank v. Bellin*, 98 N.M. 113, 117, 645 P.2d 986, 990 (Ct.App. 1982) (unless will itself is ambiguous, extrinsic evidence is not admissible to supplement language of will); NMSA 1978, § 45–2–510 (Repl.Pamp.1989) ("Any writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit its identification."); NMSA 1978, § 45–2–513 (Repl.Pamp.1989) (permitting testator to dispose of tangible personal property, other than money, by reference in will to written statement or list, if statement or list is signed by testator and describes items and devisees with reasonable certainty).

■ Appellants' brief-in-chief appears to also argue that in the event the provisions of

---

1. At the hearing on February 28, 1992, counsel for Appellants restricted his argument almost entirely to his claim that the provisions of the Second and Third Articles were sufficient to give Morrison a power of appointment. Appellants' counsel stated, "I agree that a will must be in writing and, if you want to refer to an extrinsic document, you have the right to do so, but the extrinsic document must be in existence...."

the decedent's will are insufficient to establish a valid testamentary trust, this Court should determine whether a resulting or constructive trust should be imposed. We need not consider this argument because the questions of how the decedent's estate should be distributed or the determination of the decedent's heirs at law, have not yet been addressed by the trial court.

## POWER OF APPOINTMENT

Appellants also argue that even if the provisions of the Second and Third Articles of the decedent's will were insufficient to establish a valid testamentary trust, nevertheless, under NMSA 1978, Section 45-1-108 (Repl. Pamp.1989), the language of the will was sufficient to create a general power of appointment in Morrison.

■ A power of appointment, as defined in Restatement (Second) of Property: Donative Transfers Section 11.1 (1986) [hereinafter Restatement of Property], "is authority, other than as an incident of the beneficial ownership of property, to designate recipients of beneficial interests in property." [2] The essential components of a valid power of appointment are provisions designating the subject matter, the person or entity that is authorized to exercise the power, and provisions describing or permitting identification of the membership or class of persons intended to constitute the donees. *Id.*

■ Although we agree with that portion of Appellants' argument, which asserts that a power of appointment may exist independent of any trust, *see, .e.g.,* Restatement of Trusts, *supra,* Section 122, an examination of the provisions of the decedent's will reveals that

under any of the alternatives advanced by Appellants, the language of the decedent's will was insufficient to create a valid power of appointment. The decedent's will failed to identify with reasonable certainty the class of persons or entities from whom the beneficiaries could be selected under a power of appointment. Nor does the will give Morrison the unrestricted power to select any individuals or entities as beneficiaries. Under these circumstances, the purported power of appointment is too ambiguous to be enforced. *See* Restatement of Property, *supra,* § 12.1 illus. h, at 31 ("The objects of a power may be described in such a manner that it is impossible to identify any person the donor intended should be objects of the power. In such case, no power of appointment is created."); *see also Keller v. Rogstad,* 112 Idaho 484, 489, 733 P.2d 705, 710 (1987) (uncertainty in the designation of a beneficiary precludes transfer of title of trust property to trustee).

A prerequisite to the creation of a valid power of appointment is that the individuals or entities who comprise the class of potential donees under the power are subject to being reasonably identified. *See In re Ralston's Estate,* 1 Cal.2d 724, 37 P.2d 76, 78 (1934) (en banc); *In re Estate of Stewart v. Caldwell,* 271 So.2d 754, 757 (Fla.1972) (per curiam) (ambiguity and lack of specificity in the decedent's will held to invalidate provisions relating to power of appointment); *McKee v. Hedges,* 297 S.W.2d 45, 48 (Ky.Ct. App.1956). *But see Leach v. Hyatt,* 244 Va. 566, 423 S.E.2d 165, 168 (1992) (adopting minority rule to uphold grant of limited power of appointment even though beneficiaries are indefinite). As observed in J.R. Kemper, Annotation, *Validity of Testamentary Provi-*

---

**2.** As noted in 62 Am.Jur.2d *Powers of Appointment and Alienation* Section 11 (1990):

Powers are ordinarily categorized as general or special. General powers of appointment are those authorizing the donee of the power to appoint anyone, including himself. ... A power of appointment is ... general when there is no restriction as to its exercise (except as to manner), the persons in whose favor it is to be exercised, or the amounts to be given to such persons.

*Id.* at 138–39 (footnotes omitted).

A special power of appointment is one where the donee of the power is restricted to passing on the property to certain specified individuals ...—other than himself or his estate—or to any beneficiaries except those specifically excluded, or in which the donee can exercise the power only for certain named purposes, or under certain conditions.

*Id.* at 139–40 (footnotes omitted).

*sion Making Gift to Person or Persons Meeting Specified Qualification and Authorizing Another to Determine Who Qualifies*, 74 A.L.R.3d 1073, 1076 (1976):

> [I]f the [testamentary] provision is looked upon as a grant of a power, its validity is governed, in part at least, by the precept or principle that in order to create a valid power, either beneficial or in trust, *it is indispensable that the object or objects to be benefited by its execution shall be specified in, or clearly ascertainable from, the instrument by which the power is attempted to be created.* [Emphasis added.]

Applying the above authorities to the facts herein, we agree with the trial court that the decedent's will failed to create a valid power of appointment because the language identifying the potential beneficiaries was not clearly ascertainable and the class of potential beneficiaries was not reasonably identifiable.

## REMOVAL OF PERSONAL REPRESENTATIVE

Appellants also argue that the trial court erred in removing Morrison as personal representative of the estate without conducting an evidentiary hearing and without expressly specifying the basis for his removal. We find this portion of Appellants' argument persuasive.

The Sixth Article of the decedent's will appointed Morrison as the decedent's personal representative. The decedent's will also authorized the personal representative to pay his "just debts, funeral expenses, and the costs of administration" of his estate, and to sell or dispose of estate property for purposes of paying any taxes owing by the estate. Appellees' motion for summary judgment did not specifically request Morrison's removal as personal representative of the decedent's estate. Additionally, the record fails to indicate the specific grounds for Morrison's removal.

 NMSA 1978, Section 45–3–611(B) (Repl.Pamp.1989), specifies that a personal

representative may be removed when there is a showing that (1) removal would be in the best interests of the estate; (2) the personal representative, in seeking his or her appointment, intentionally misrepresented the material facts leading to the appointment; (3) the personal representative disregarded an order of the court; (4) the personal representative has become incapable of discharging his or her duties; (5) the personal representative has mismanaged the estate; or (6) the personal representative has failed to perform any duty pertaining to the office. *Id.; see also In re Will of Hamilton*, 97 N.M. 111, 116, 637 P.2d 542, 547 (1981). We review orders providing for the removal of a personal representative utilizing an abuse of discretion standard. *In re Will of Hamilton*, 97 N.M. at 116, 637 P.2d at 547.

 Appellees' brief suggests that Morrison may have been removed because he improperly designated himself as a beneficiary under the decedent's 1991 will, or because he approved the payment of several claims against the decedent's estate. Nothing, however, in the record before us or in the order removing Morrison as personal representative indicates that the trial court found these assertions to be true or that they constituted the basis for its action.

The order removing Morrison as personal representative is silent as to the basis for his removal. The fact that portions of the decedent's will were determined to be invalid does not constitute a valid basis for removal of the personal representative. *See* NMSA 1978, § 45–3–612 (Repl.Pamp.1989) (office of personal representative is not automatically terminated despite fact that will under which he is acting may be invalidated); *cf. In re Will of Ferrill*, 99 N.M. 503, 505, 660 P.2d 593, 595 (1983) (although will found to be invalid, special administrator found to have duty to defend it). *See generally* C.S. Parnell, Annotation, *Requisites of Notice and Hearing in Court Proceedings for Removal of Personal Representative*, 47 A.L.R.2d 307 (1956).

## CONCLUSION

The order of the trial court granting Appellees' motion for summary judgment and

holding that the Second and Third Articles of the decedent's 1991 will are insufficient to create a trust or establish a power of appointment is affirmed. The trial court's order removing Morrison as personal representative of the decedent's 1991 will or estate is reversed, and the cause is remanded for further proceedings consistent herewith.

IT IS SO ORDERED.

APODACA and BLACK, JJ., concur.